UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **MALIBU MEDIA, LLC,** | * | CASE NO. 1:14-cv-0223-MJG |
| Plaintiff, | * | Assigned to: Honorable Marvin J. Garbis<br>United States District Judge |
| v. | * | |
| JOHN DOE subscriber assigned IP address 173.64.119.92, | * | |
| | * | |
| Defendant. | * | |
| **MALIBU MEDIA, LLC,** | * | CASE NO. 1:14-cv-0257-CCB |
| Plaintiff, | * | Assigned to: Honorable Catherine C. Blake<br>United States District Judge |
| v. | * | |
| JOHN DOE subscriber assigned IP address 71.200.143.209, | * | |
| | * | |
| Defendant. | * | |
| **MALIBU MEDIA, LLC,** | * | CASE NO. 1:14-cv-00263-RDB |
| Plaintiff, | * | Assigned to: Honorable Richard D. Bennett<br>United States District Judge |
| v. | * | |
| JOHN DOE subscriber assigned IP address 76.100.228.15, | * | |
| | * | |
| Defendant. | * | |

**PLAINTIFF'S MOTION TO STRIKE OR DISREGARD THE DECLARATION OF MORGAN E. PIETZ RE: IPP, GUARDALEY, AND THE "ORAL CONTINGENCY AGREEMENT" MALIBU MEDIA, LLC HAD WITH ITS KEY WITNESS [CM/ECF 10]**

Plaintiff, Malibu Media, LLC ("Plaintiff"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 12(f) and Fed. R. Evid. 602, 701, and 802 hereby moves for the entry

1

of an order striking or disregarding the Declaration of Morgan E. Pietz Re: IPP, Guardaley, and the "Oral Contingency Agreement" Malibu Media, LLC Had With Its Key Witness, and in support thereof, states:

## I. INTRODUCTION

The Pietz Declaration filed in support of Movant's Motions purports to convey certain information established as indisputable fact. The Declaration, however, is made without personal knowledge of any of the information it purportedly conveys. To wit: there are only eleven (11) paragraphs of forty-five (45) total which could satisfy the personal knowledge requirement of Fed. R. Evid. 602.[1] The rest of the Declaration is made without personal knowledge, is speculative, and is hearsay – relaying the contents of documents from other unrelated cases, phone calls, and magazine articles as if personally perceived and conclusively established in this case. The Declaration is further improper because defense counsel is acting as a material fact witness in a case in which he is also an advocate. For the foregoing reasons, as explained more fully below, this Court should grant the subject Motion.

## II. LEGAL STANDARD

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Federal Rule of Civil Procedure 12(f) relates to matters to be stricken from pleadings. Although affidavits technically do not constitute pleadings, courts have permitted affidavits to be challenged by motions to strike because the Federal Rules provide no other means to contest their sufficiency." *McLaughlin v. Copeland*, 435 F. Supp. 513, 519 (D. Md. 1977) citing *Sunshine Kitchens, Inc. v. Alanthus Corp.*, 66 F.R.D. 15, 17 (S.D.Fla.1975); *Monroe v. Board of Education*, 65 F.R.D. 641, 647 (D.Conn. 1975). *See also Moret v. Geren*, 494 F. Supp. 2d 329, 336 (D. Md. 2007) (same, citing

---

[1] Paragraphs 1-6 and 39-44.

*McLaughlin*); *Harris v. Leopold*, 2013 WL 1124972, at *7 (D. Md. 2013) (granting motion to strike paragraphs from affidavit under Rule 12(f)).

Further, if not stricken, "courts have long recognized that inadmissible evidence identified by the moving party should be disregarded, although not stricken, when resolving other pending motions." *Maxtena, Inc. v. Marks*, 2012 WL 113386, at *4 (D. Md. 2012) citing *Lombard v. MCI Telecomms. Corp.,* 13 F.Supp.2d 621, 625 (N.D.Ohio 1998); *McNair v. Monsanto Co.,* 279 F.Supp.2d 1290, 1298 (M.D.Ga.2003). In *Maxtena*, the defendant moved to strike a declaration under Rule 12(f) on the grounds that the declarant "fail[ed] to demonstrate that he had personal knowledge about the matters contained therein." *Maxtena, Inc.*, 2012 WL 113386, at *4 (D. Md. 2012). Although this Court ultimately denied the motion to strike, it held that declarations filed in support of motions to dismiss must be made on personal knowledge in order to be admissible.

> The Federal Rules of Civil Procedure do not contain prerequisites for documents, such as declarations, appended to memoranda submitted in support of or in opposition to motions to dismiss. Courts have routinely, however, looked to Rule 56 in judging declarations submitted in relation to Rule 12(b) motions, concluding that <u>such declarations must demonstrate the declarant's personal knowledge in order to be admissible</u>. Indeed, the party seeking to introduce the declaration <u>must make 'an affirmative showing' that the information contained in the declaration is within the declarant's personal knowledge.</u>

*Id.* Similarly, in *Lombard supra*, the court "excluded from its consideration those portions of the exhibits that are hearsay, not based on personal knowledge, irrelevant, or otherwise inadmissible" holding that it was "clear that a Court should 'disregard' inadmissible evidence." *Lombard,* 13 F.Supp.2d at 625 (N.D.Ohio 1998) (denying 12(f) motion although still disregarding the inadmissible evidence.)

## III. THE COURT SHOULD STRIKE OR DISREGARD MOVANT'S COUNSEL'S IMPROPER DECLARATION

### A. Movant's Counsel Has No Personal Knowledge of the Events That Transpired in Germany

Movant's counsel's declaration should be stricken or disregarded for failure to comply with Fed. R. Evid. 602. Under Rule 602, "[a] witness may testify to matter *only if* evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602 (emphasis added). "Evidence is inadmissible under [Rule 602] only if in the proper exercise of the trial court's discretion it finds that the witness could not have actually perceived or observed that which he testifies to." *M. B. A. F. B. Fed. Credit Union v. Cumis Ins. Soc., Inc.*, 681 F.2d 930, 932 (4th Cir. 1982) (citing 2 J. Wigmore, Evidence s 658 (J. Chadbourn Rev. 1979); and 3 J. Weinstein & M. Berger, Weinstein's Evidence, P 602(02) (1981)). "'[T]he rule requiring that a witness who testifies to a fact which can be perceived by the senses must have had an opportunity to observe, and must have actually observed the fact' is a 'most pervasive manifestation' of the common law insistence upon 'the most reliable sources of information.'" Fed. R. Evid. 602 advisory committee's note.

Movant's counsel lacks personal knowledge of the information contained within his declaration pertaining to German court hearings and entities. Movant's counsel has not "actually perceived or observed that which he testifies to." *M. B. A. F. B. Fed. Credit Union*, 681 F.2d at 932. Instead, he merely quotes, paraphrases, and surmises about information purportedly derived from a "treasure trove of German court documents that originally came to light in connection with *Shirokov v. Dunlap, Grubb & Weaver, PLLC et al*," a case in which Movant's counsel took no part. *See* Pietz Declaration, at ¶ 12. Accordingly, this Court should strike paragraphs 12-38 of the Pietz Declaration for failure and inability to comply with Fed. R. Evid. 602.

4

### B. The Declaration Contains Inadmissible and Improper Speculation in Violation of Fed. R. Evid. 701

Because Movant's counsel has no personal knowledge of the information he relays, the Declaration is filled with opinion based on nothing more than rampant speculation. For example, Movant's counsel asserts "[a]s far as I can tell, and as evidenced by Exhibit E, Guardaley was the driving force in its relationship with BaumgartenBrandt." *See* ¶ 14. However, there is nothing to suggest that Movant's counsel's speculative statement that "Guardaley was the driving force" is correct. Exhibit E, on which he relies, is a copy of an e-mail. The e-mail specifically references a telephone call that took place prior. Movant's counsel has no idea who initiated that telephone call, how many times the relevant parties had previously spoken, or which party made initial contact with the other. Nor could he know such information because both parties were presumably in Germany at the time. Later Movant's counsel asserts: "Putting all of the foregoing facts together, what seems apparent is that if someone . . . ." *See* ¶ 19. Here, defense counsel speculates that Guardaley's software is clearly inaccurate or flawed, despite never having tested it himself. Instead, he relies on translated German documents taken at face value to reach his "apparent" conclusion. A few paragraphs later, Movant's counsel speculates "that after BaumgartenBrandt began contemplating replacing Guardaley with another IP logging provider, Guardaley initiated legal proceedings against BaumgartenBrandt." *See* ¶ 23. Here, Movant's counsel speculates as to a German plaintiff's motivation behind filing a lawsuit in Germany. Notably, Movant's counsel omits any citation for this asserted "fact" since it is obviously unsupportable.

Numerous other examples of Movant's counsel's inadmissible speculation abound in the Declaration. Federal Rule of Evidence 701 states:

> If a witness is not testifying as an expert, testimony in the form of an opinion is

limited to one that is:

(a) rationally based on the witness's perception;

(b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and

(c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

In order to be admissible, "'lay opinion testimony *must* be based on personal knowledge.' In order to adequately build a foundation for lay testimony, it must be 'based on the perception of the witness." *United States v. Johnson*, 617 F.3d 286, 292-93 (4th Cir. 2010) (citations omitted). "Speculative testimony is generally not admissible because it is not based on the witness's perception." *Brim v. Midland Credit Mgmt., Inc.*, 795 F. Supp. 2d 1255, 1268 (N.D. Ala. 2011) citing *Washington v. Dep't of Transp.*, 8 F.3d 296, 300 (5th Cir. 1993). "A Rule 701 witness cannot simply assert conclusions; his testimony must rest upon an antecedent predicate and foundation." *KW Plastics v. U.S. Can Co.*, 131 F. Supp. 2d 1265, 1274 (M.D. Ala. 2001).

"Here, we have exactly what Rule 701 forbids." *Johnson*, 617 F.3d at 293 (4th Cir. 2010). Movant's counsel's declaration is clearly not based on his personal knowledge or perception. As such, the Declaration is inadmissible speculation and should be disregarded under Fed. R. Evid. 701.

### C. The Declaration is Inadmissible Hearsay

The Declaration is based almost entirely upon hearsay documents that are inadmissible. Hearsay is "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." *Id.* at Fed. R. Evid. 801(c)(1-2). Hearsay is inadmissible in support of a motion for sanctions. *See e.g. Exe v. Fleetwood RV, Inc.*, 2013 WL 2145595 (N.D. Ind. 2013) (hearsay

affidavit in support of motion for sanctions for spoliation of evidence was excluded in its entirety); *Cannon v. Cherry Hill Toyota, Inc.*, 190 F.R.D. 147, 158 (D.N.J. 1999) (court denied motion for sanctions under Fed. R. Civ. P. 37 supported by inadmissible and unreliable double hearsay).

Movant's counsel's declaration quotes from, paraphrases, and relies on: (1) interrogatories and answers from other cases (Exhibits B & C); (2) e-mails between persons and entities in other unrelated cases (Exhibits E, W, X, &); (3) court filings and supposed evidence from unrelated cases including a Powerpoint slideshow prepared in German (Exhibits F, G, H, I, J, K, S, Z); (4) declarations and affidavits in unrelated cases (Exhibits L, M, P, R,); and (5) other miscellaneous hearsay documents including a magazine article (Exhibit N), documents purportedly relating to the formation of various companies (Exhibit O), descriptions of software (Exhibit Q), a job advertisement (Exhibit T), and other items (Exhibits D, U, V). Movant submits each of the foregoing for the truth of the matter contained therein although none is admissible. *See e.g. Stanley Martin Companies, Inc. v. Universal Forest Products Shoffner LLC*, 396 F. Supp. 2d 606, 614 (D. Md. 2005) (granting motion to strike evidence arising from other litigation holding, "previous depositions and interrogatory responses . . . are not admissible in the instant litigation."); *It's My Party, Inc. v. Live Nation, Inc.*, 2012 WL 3655470, at *6 (D. Md. 2012) (e-mail "offered for its truth . . . is inadmissible hearsay."); *Gantt v. Whitaker*, 57 F. App'x 141, 150 (4th Cir. 2003) ("This circuit has consistently held that newspaper articles are inadmissible hearsay to the extent that they are introduced 'to prove the factual matters asserted therein.'" *citing United States v. ReBrook,* 58 F.3d 961, 967 (4th Cir.1995)); *Williamson v. Prince George's Cnty., Md.*, 2011 WL 280961, at *8 (D. Md. 2011) ("When evidence from the internet is presented without adornment—without any attempt at authentication or any

7

explanation as to how the hearsay rules are satisfied—it 'is adequate for almost nothing.'" *quoting St. Clair v. Johnny's Oyster & Shrimp, Inc.,* 76 F.Supp.2d 773, 775 (S.D.Tex.1999)).

When the above hearsay documents are disregarded, no basis for Movant's counsel's Declaration survives. Accordingly, the Court should disregard the Pietz Declaration and inadmissible hearsay documents upon which it relies.

### D. Movant's Counsel is Improperly Acting as a Material Fact Witness For His Client

"It is elementary that counsel may not participate both as an advocate and as a witness, absent special circumstances." *Spivey v. United States*, 912 F.2d 80, 84 (4th Cir. 1990) (holding that affidavit from plaintiff's attorney was improper under North Carolina Rules of Professional Conduct and because it was inadmissible hearsay.) Indeed, the Maryland Rules of Professional Conduct state that "a lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness," except in three specific scenarios, none of which apply here. *See* MRPC 3.7(a). Generally, if an attorney will be required to testify as a material fact witness in a case for his client, he should withdraw from the representation to avoid the contradictory roles necessarily incurred when acting as both advocate and witness.

> The practice of an attorney testifying on behalf of his client, is, however, universally frowned upon. Generally the question of whether or not he should take the stand as a witness on behalf of his client is one which an attorney should decide for himself in the light of his professional pride as an attorney and a sense of his true position and duty. He should remember the attitude of the courts on the subject, and unquestionably, if the nature of his testimony would be such as to bear upon a disputed question of fact material to the merits of the cause, should withdraw as attorney.

*Alexander v. Watson*, 128 F.2d 627, 631 (4th Cir. 1942) (*citing Christensen v. United States*, 90 F.2d 152, 154 (7th Cir. 1937)). "In determining if it is permissible to act as advocate in a trial in which the lawyer will be a necessary witness, the lawyer must also consider that the dual role


may give rise to a conflict of interest that will require compliance with Rules 1.7 or 1.9." MRPC 3.7 comment 6.

Here, Movant's counsel is a necessary witness for both Motions filed on Movant's behalf. Indeed, Movant has no knowledge of the purported "factual" information contained in either Motion or the hearsay documents on which Movant's counsel relies. Movant's counsel is the *only* witness and his dual role violates MRPC 3.7. Accordingly, Movant's counsel's declaration is improper and should be disregarded.

## IV. CONCLUSION

Outside of the few paragraphs attesting to facts within Movant's counsel's personal knowledge derived from cases in which he was personally involved (paragraphs 1-6 and 39-44 only), the entire Pietz Declaration weaves together information asserted without personal knowledge in violation of Fed. R. Evid. 602, hearsay statements and documents in violation of Fed. R. Evid. 802, and mere speculation attempting to tie it all together in violation of Fed. R. Evid. 701. The Declaration also improperly makes Movant's counsel a material witness in addition to his role as an attorney advocate. As such, this Court should grant the subject Motion and the Declaration and hearsay exhibits in support thereof should be stricken and not relied upon in ruling on Movant's Motions.

Dated: April 28, 2014

Respectfully submitted,

MALIBU MEDIA, LLC.
PLAINTIFF
By: /s/*Jon A. Hoppe*
Jon A. Hoppe, Esquire #6479
Counsel
Maddox, Hoppe, Hoofnagle & Hafey, L.L.C.
1401 Mercantile Lane #105
Largo, Maryland 20774
(301) 341-2580

## CERTIFICATE OF SERVICE

  I hereby certify that on April 28, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

                      By:  /s/*Jon A. Hoppe*