UNITED STATES DISTRICT COURT

DISTRICT OF MARYLAND

| | |
|---|---|
| MALIBU MEDIA, LLC,<br>      Plaintiff,<br>  v.<br>JOHN DOE subscriber assigned IP address 173.64.119.92,<br>      Defendant. | Case No. 1:14-cv-0223-MJG<br><br>Assigned to:  Honorable Marvin J. Garbis<br>                United States District Judge |
| MALIBU MEDIA, LLC,<br>      Plaintiff,<br>  v.<br>JOHN DOE subscriber assigned IP address 71.200.143.209,<br>      Defendant. | Case No. 1:14-cv-0257-CCB<br><br>Assigned to:  Honorable Catherine C. Blake<br>                United States District Judge |
| MALIBU MEDIA, LLC,<br>      Plaintiff,<br>  v.<br>JOHN DOE subscriber assigned IP address 76.100.228.15<br>      Defendant. | Case No. 1:14-cv-0263-RDB[1]<br><br>Assigned to:  Honorable Richard D. Bennett<br>                United States District Judge |

ISP SUBSCRIBER'S OPPOSITION
TO MALIBU'S MOTION TO STRIKE
THE DECLARATION OF MORGAN E. PIETZ

---

[1] An identical version of this document is being filed concurrently in all cases identified on the caption.

**OPPOSITION**

On April 28, 2014, Plaintiff Malibu Media, LLC ("**Malibu**") filed a Motion to Strike or Disregard ("**Malibu's Motion to Strike**") the Declaration of Morgan E. Pietz re: IPP, Guardaley, and the "Oral Contingency Agreement" Malibu Media, LLC Had With Its Key Witness (the "**Pietz Decl.**"). The Pietz Decl. was offered by the Internet user who pays the bill for the account associated with the IP address listed on the caption of this case, who Malibu accuses of being the John Doe defendant in this action ("**Movant**"), in support of his Motion for an Order to Show Cause as to Why All Evidence and Data from Tobias Fieser and His Company Should Not be Precluded and These Cases Dismissed (the "**Motion For An OSC**"). To a lesser extent, the Pietz Decl. was also offered in support of Movant's separate motion to (1) to intervene in this action, per Fed. R. Civ. P. 24, on an anonymous basis, for the purpose of adjudicating the issues raised in Movant's Motion For An OSC; (2) to consolidate, per Fed. R. Civ. P. 42(a)(1), this and other Malibu cases in this district for the purpose of deciding the Motion For An OSC; and (3) to stay the return dates on any outstanding ISP subpoenas, and stay the issuance of any further ISP subpoenas, pending adjudication of the Motion For An OSC (the "**Procedural Motion**"). Movant hereby opposes Malibu's Motion to Strike the Pietz Decl. on several grounds.

**(a)     A Motion to Strike is Not Appropriate Because the Pietz Decl. is Not a "Pleading"**

Initially, to the extent Malibu's Motion to Strike seeks relief per Fed. R. Civ. P. 12(f), it is misplaced, because "only material included in a 'pleading' may be the subject of a motion to strike, and courts have been unwilling to construe the term broadly. . . .affidavits may not be attacked by the motion to strike." 2-12 Moore's Federal Practice - Civil § 12.37 (footnotes omitted) *citing, inter alia,* Fed. R. Civ. P. 12(f), <u>Lombard v. MCI Telcoms. Corp.</u>, 13 F. Supp. 2d 621, 625 (N.D. Ohio 1998) (no basis in Federal Rules for striking affidavit; court should disregard inadmissible evidence, not strike it from

record); <u>EEOC v. Admiral Maint. Serv., L.P.</u>, 174 F.R.D. 643, 646 (N.D. Ill. 1997) (statement of facts and affidavit in support of summary judgment motion did not constitute "pleadings" subject to motion to strike); <u>Sum of $66,839.59 v. IRS</u>, 119 F. Supp. 2d 1358, 1359 (N.D. Ga. 2000) (motion to strike is appropriate only with regard to pleadings; proper method for challenging evidence in affidavit was notice of objection to testimony).

Contrary to the express language of the rule itself, Malibu cites to an older line of cases, most of which involved summary judgment, where courts have stricken affidavits pursuant to Rule 12(f). As Judge Quarles recently explained of the cases on which Malibu relies,

> "Although some cases have held that Rule 12(f) may be used to strike documents other than pleadings such as Brooks's surreply brief [fn 23: *See, e.g., McLaughlin v. Copeland*, 435 F. Supp. 513, 519 (D. Md. 1977) (collecting cases)], **the weight of recent authority is that such an action is not contemplated or permitted by the Rules** [fn 24: *See, e.g., In re Minh Vu Hoang*, 484 B.R. 87, 2012 WL 5995621, at *5 (D. Md. 2012); *Hrivnak v. NCO Portfolio Mgmt., Inc.*, 723 F. Supp. 2d 1020, 1029 (N.D. Ohio 2010); 5C Charles Alan Wright et al., *Federal Practice & Procedure* § 1380 & nn.4-6 (3d ed.)]."

<u>Brooks v. Midland Credit Mgmt.</u>, 2013 U.S. Dist. LEXIS 35796 (D. Md. Mar. 13, 2013) (emphasis added). Accordingly, since the Pietz Decl. is not a "pleading," it should not be stricken from the record.

**(b)     The Pietz Decl. and its Exhibits Are Sufficient to Establish the Need for Further Factual Inquiry, Which is Exactly What Movant Has Requested with the Motion For An OSC**

Given that Malibu has categorically refused to provide any discovery on the "oral contingency agreement" with IPP, and IPP's links to Guardaley (Pietz Decl., <u>Exhibit X</u>), the appropriate response to the Pietz Decl. and its accompanying exhibits is not to strike it all, but to order Malibu to respond in substantive fashion. Cf. <u>Hoffman on behalf of NLRB v. Beer Drivers & Salesmen's Local Union , etc.</u>, 536 F.2d 1268, 1277 (9th Cir. 1976) (district court was within its discretion to order the submission of

counter-affidavits, to narrow the issues in a contempt proceeding, and to consider as undisputed anything not refuted in the counter-affidavits).

For example, if Malibu contends that any of the Exhibits to the Pietz Decl. are inauthentic, it should be ordered to identify in its OSC response what exhibits it thinks are not true and correct copies, and explain why. Similarly, does Mr. Achache deny making the statements attributed to him in the *Wired* article, about it being his standard operating procedure to setup a new shell company in each place he does business, presumably so as to keep Guardley's involvement covert? Pietz Decl., Exhibit N. In view of Malibu's representations on the record in this district (Pietz Decl., Exhibit S) downplaying what appears to be a clear link between Guardaley and IPP, Malibu should be ordered to explain. Rather than fairly address the factual assertions raised in the Motion For An OSC, which are all supported by documents attached to the Pietz Decl., Malibu has instead chosen to rely mainly on procedural and technical evidentiary objections.

The unusual procedural posture posed by this kind of litigation, where a plaintiff does almost all of its litigating, and achieves 99% of its goal without ever serving anyone as a defendant, is the reason the question is being put to the Court in the form of a Motion For An OSC. Since Movant cannot obtain discovery, and Malibu has shown that it is willing to dismiss a case rather than risk providing a forthright response on the topics here at issue, Movant really had no choice but to summarize the available facts as best he could, and ask the Court to allow and oversee further inquiry.

Movant is not asking the Court to dismiss these cases, preclude anyone, or impose any other sanction, based solely on the factual assertions and documentary exhibits contained and attached to the Pietz Decl. Rather, Movant is asking that, based on the present showing, which is made without the

benefit of discovery, but which is amply supported by what appears to be credible documentary evidence, Malibu should be ordered to explain itself.

As noted, much of Malibu's authority attacking the Pietz Decl. comes from cases involving summary judgment and Fed. R. Civ. P. 56(c)(4).  First, Movant is not asking for summary judgment here, at least not yet.  Second, Rule 56(d) also provides that when essential facts are unavailable to a non-moving party, it can specify reasons why the facts cannot be presented, and the Court may "allow time. . .to take discovery" (*id.* at (d)(2)) or "issue any other appropriate order (*id.* at (d)(3)).  Here, although this is not a summary judgment motion, that reasoning still applies.  Since Movant has not had any opportunity to take discovery, and Malibu has made it quite clear that it will not willingly submit itself to examination on the factual issues here at issue, Movant has asked this Court to issue an appropriate order requiring Malibu to address the issues relating to IPP, Guardaley, and the contingent fee agreement.  While relief under Rule 56(d) will not be afforded to a party *moving* for summary judgment, this is because, normally, a party making such a motion will have had an opportunity to conduct discovery, and thus will only make the motion when they have the evidence.

Of course, evidentiary standards are relaxed all the time in pre-trial civil motions, as well as in lots of other kinds of pre-trial and non-trial proceedings.  *See, e.g.,* Fed. R. Evid. 1101(d) (giving examples of the kinds of miscellaneous proceedings at which the Rules of Evidence do not apply); Forsberg v. Pefanis, 261 F.R.D. 694, 700 (N.D. Ga. 2009) (noting "even though not specifically referenced in Rule 1101(d), affidavits and other hearsay materials are often received in preliminary injunction hearings," and concluding that consideration of declarations containing hearsay statements from unlicensed private investigator declarant, was proper, when declarant did not attend sanctions hearing, because objecting party had opportunity to depose declarant but failed to do so); *citing, inter*

*alia*, Asseo v. Pan Am. Grain Co., 805 F.2d 23, 26 (1st Cir. 1986) ("dispositive question is not their classification as hearsay but whether, weighing all the attendant factors, including the need for expedition, this type of evidence was appropriate given the character and objectives of the injunctive proceeding").

In sum, the Court should extend Movant some leeway as to issues like personal knowledge, authenticity, and hearsay, given that the factual showing being made in support of the Motion was made without benefit of discovery, and is being used to justify a motion seeking further factual inquiry. Without any discovery, or, at the least, counter-declarations submitted by Malibu in support of its response to the requested OSC, then, given Malibu's extreme unwillingness to address these issues in substantive fashion, it is essentially impossible to overcome those evidentiary hurdles.

**(c)     Admissibility of German Court Documents Does Not Depend on Pietz's Personal Knowledge**

The Pietz Decl. is, for the most part, a summary that explains and attaches documents pulled by Mr. Pietz from various different sources. For the most part, Mr. Pietz does not propose that he should testify to establish the underlying facts asserted in the Pietz Decl. Rather, the Pietz Decl. collects facts which Malibu is being asked to address, or, if Malibu fails to provide satisfactory answers, which Movant would like to use to examine appropriate persons who do have personal knowledge of the events at issue.

Movant readily admits that Pietz has almost no personal knowledge of the German court case (with the exception being as to the chain of custody and provenance of the documents, which were obtained from another lawyer as part of another U.S. federal court case). However, the admissibility of the German court documents does not depend on Pietz's personal knowledge of them. The Court can take judicial notice of the German court's findings. Or, Malibu can and should provide a satisfactory

explanation about these proceedings from someone at Guardaley who does know, personally, what happened in the German court case. If Malibu cannot provide satisfactory answers in its response to the requested order to show cause by affidavit, Movant would request an opportunity to examine a Guardaley representative about all this, either via a video deposition, or at an evidentiary hearing.

**(d)     The Pietz Decl. Does Not Contain Speculation, It is a Summary That Attaches Documents That Speak For Themselves**

Based on the tenor of the email from Guardaley (and, presumably, IPP's) principal Patrick Achache to the lawyers at the German law firm BaumgartenBrandt (Pietz Decl, <u>Exhibit E</u>), it certainly does appear that Achache is the one soliciting the business opportunity, rather than the other way around. Is that an inference, as opposed to a fact? Absolutely. But it is a fair one. The same applies to the other inferences about the German court proceedings with which Malibu takes issue.

The German court documents, like all the other documents attached to the Pietz Decl., speak for themselves. The Court need not consider or give any evidentiary weight to Pietz's assertions about them, although it may find these assertions helpful to put the documents in an appropriate context, given the tangled web of companies who operate behind the scenes in Malibu's litigation operation.

**(e)     Hearsay Objections Are Not Well Taken**

Malibu dismisses many of the exhibits to the Pietz Decl. as coming from other, "unrelated" cases. Not so. Each document is related to this case because it relates to IPP and/or Guardaley, who Malibu relies upon to propagate its litigation campaign in this district, and everywhere else. Further, as noted above, for a pre-trial civil motion, the rule on hearsay is not necessarily applicable. In any event, each of the specific objections Malibu makes are taken in turn:

(1)     The Verified Interrogatory Responses Malibu Filed In Other Cases Are Admissible As Party Admissions

Malibu raises a hearsay objection as to verified responses to interrogatories that Malibu served in other cases pending in the Northern District of Illinois (Pietz Decl., Exhibits B & C).  However, these verified responses are excluded from the definition of hearsay, as party admissions, per Fed. R. Evid. 801(d)(2).  Malibu's admission that it paid IPP pursuant to an "oral contingency agreement" may have been accidental, and it may be damaging, but it is not hearsay.  *Id.*

(2)     Email From Patrick Achcache to BaumgartenBrandt

Malibu also challenges as hearsay the email from Patrick Achache to lawyers at the German firm BaumgartendBrandt (Pietz Decl., Exhibit E).  That email, however, was filed as part of the German court proceedings, and constitutes part of the record there.  Instead of lodging a hearsay objection to the email, Malibu should query Mr. Achache as to its authenticity.  While they are at it, perhaps Mr. Achache can confirm the statements attributed to him in *Wired* magazine.  If Malibu does not want to do that in the requested OSC response, with sufficiently candid affidavits, then Movant should be permitted to take testimony from Mr. Achache.

(3)     The Emails from Malibu's Counsel Are Also Non-Hearsay Party Admissions

Next, Malibu challenges Exhibits "W, X & [*sic Y*][2]" to the Pietz Decl. as hearsay.  Malibu characterizes these as "emails between persons and entities in other unrelated cases."  Exhibits W, X & Y are all correspondence back and forth *between Malibu's counsel Mr. Hoppe* and counsel for the John Does here, Mr. Pietz.  Since Mr. Hoppe was speaking as counsel for Malibu when he made these statements, these, too, are party admissions per Fed. R. Evid. 801(d)(2).  Also, it is borderline

---

[2] Presumably Malibu meant W, X, & *Y*.

disingenuous to refer to the prior Malibu case before Judge Motz, between the same counsel, which is discussed at length in the Motion For An OSC as "unrelated." By what definition of "unrelated," one must wonder? Because the prior Malibu case before Judge Motz certainly would be related to the cases at issue here within the meaning of L.R. 103(1)(b), as involving identical parties or property, etc.

(4)     The German Court Documents Are Also Admissible As Public Records

Malibu further objects to the German court documents, including the Powerpoint presentation which set off the whole chain of events, which was filed as an exhibit in the German court proceedings, as hearsay. These documents are admissible under the hearsay exception for public records, per Fed. R. Evid. 803(8). Whatever doubts there may be about authenticity, provenance, or accuracy of the translations should be resolved by Malibu conferring with Guardaley, and either confirming the documents filed here are authentic, or else by submitting corrected documents. As noted above, the Court can also take judicial notice of the adjudicative facts of the proceedings embodied in the German Court's final order, per Fed. R. Evid. 201.

(5)     Declarations Made By Guardaley / IPP Representatives In Other Cases Are Also Admissible

In order to begin unwinding the web of shell companies and trade names that Guardaley uses in these kinds of cases in different jurisdictions around the world, the Pietz Decl. attaches several declarations made by different Guardaley representatives purporting to wear various different corporate hats (Exhibits L, M, P & R) (also applies to Exhibit O). For example, in one Daniel Arheidt says he works for Guardaley. Exhibit L. In the next, he says he works for IPP. Exhibit M. Since Movant is arguing that Guardaley is in fact the true real party in interest behind these lawsuits, these declarations are non-hearsay party admissions. Fed. R. Evid. 801(d)(2). When Arheidt admits that he actually works

for Guardaley, he said so under penalty of perjury, with authority, and that position is directly contrary to the representations made by the plaintiff here, and thus against the interest of plaintiff and its other secret real parties in interest behind the plaintiff.  At a minimum, the admissibility of these declarations hinges on a factual precondition, so admissibility can be reserved until it is determined in the final analysis whether Guardaley really is the party behind these lawsuits or not.  At a minimum, if Malibu and the respective declarants deny that these people really work for Guardaley, Movant should be permitted to examine these declarants and/or introduce these declarations as prior inconsistent statements.  Fed. R. Evid. 801(d)(1).

(6)     Other Documents

Losing steam, Malibu also raises hearsay objections to:

- A news article from *Wired*, Exhibit N, which is admissible under the periodical exception (Fed. R. Evid. 803(18)) provided that the article is addressed by an expert who establishes *Wired*'s reliability for the kind of reporting at issue.

- Various documents associated with all of Patrick Achache's front companies, Exhibit O.  As discussed above in relation to the other Guardaley declarants, Achache's declaration is admissible as a party admission.   As for the corporate information reports from Hoovers, they are admissible as market reports, provided they are addressed by an expert who establishes Hoover's reliability.  Fed. R. Evid. 803(18).

- An exhibit that Tobias Fieser previously filed with a U.S. Federal court explaining how IPP's software works, which details that it all runs on Guardaley's "GL Observer" server, Exhibit Q.  Fieser's prior declaration from the other case, and the explanatory exhibit thereto here in question, which appears to be a technical white paper from IPP itself, is already admissible as a prior inconsistent

statement, provided that Fieser testify and be subjected to examination about it.  Exhibit Q wholly contradicts Fieser's sworn declaration filed here, and Malibu's current story attempting to explain why it told this Court one thing about how it collected the IP addresses (i.e., that it was using IPP/Guardaley's software) but then tried to change the story later to say that, all along, it has been using different software provided by a yet another German computer firm (Excipio).

- Other documents related to IPP's status as an apparent front company for Guardaley (Exhibit T, U, & V).  Exhibit T, the job advertisement where IPP directs inquiries to jobs@guardaley.com, and Exhibit U, the screenshot of Guardaley' is hearsay, but it is powerful and damning evidence which has the tendency to prove the IPP is really a front for Guardaley.  Exhibit U, the address section of IPP's website, is also hearsay.  Exhibit V, the documents from the virtual office service company, and the Google map showing that IPP's supposed address is a fictional mailing address where a service collects its mail, are also mainly hearsay (except for the map, which is potentially admissible as a learned treatise, or something about which the court can take judicial notice).  However, as noted above, if Malibu cannot explain or refute these facts, then Movant should be entitled to examine an appropriate representative of Guardaley and IPP to go over them.

**(f)    Pietz Is Not Proposing To Be a Material Fact Witness For His Clients**

As should be obvious, defense counsel Pietz does not plan to testify to much, if any of the information noted above.  His summary declaration is of the sort seem all the time in motions for summary judgment, motions for preliminary injunction, etc., summarizing and attaching key exhibits.  This is, after all, a civil-pretrial motion.  Rather, what Movant asks is that Malibu be ordered to respond to these facts, and, if it is less than candid, that Movant be granted leave to elicit the facts with discovery or at an evidentiary hearing.

**(g)   Conclusion**

One notable point about the Pietz Decl. itself is that Malibu has great difficulty pointing to any particular fact averred therein which is supposedly incorrect.  Instead, it raises a variety of procedural and technical objections that are wholly out of place in a pre-trial civil motion, where the moving party has had no opportunity to conduct discovery.  In the requested order to show cause, Malibu should be ordered to file counter declarations addressing each aspect of the Pietz Decl., or else face having those facts established as uncontroverted.  See <u>Hoffman on behalf of NLRB v. Beer Drivers & Salesmen's Local Union , etc.</u>, 536 F.2d 1268, 1277 (9th Cir. 1976).  If Malibu cannot fully address the serious concerns raised in the Motion For An OSC in its response, then the Court should consider holding an evidentiary hearing to get the to the truth of these issues.  Accordingly, Movant respectfully requests that the Court deny Malibu's Motion to Strike in its entirety and instead consider all of the facts and documentary evidence contained in the Pietz Decl. in evaluating the pending Motion For An OSC.

Respectfully submitted,

DATED:      May 15, 2014


THE PIETZ LAW FIRM

<u>/s/ Morgan E. Pietz</u>

Morgan E. Pietz (Cal. Bar No. 260629)*
3770 Highland Avenue, Suite 206
Manhattan Beach, CA 90266
mpietz@pietzlawfirm.com
Telephone:   (310) 424-5557
Facsimile:    (310) 546-5301
*Pro Hac Vice

**JOHN C. LOWE PC**

John C. Lowe (Md. Bar No. 12409)
5920 Searl Terrace
Bethesda, MD 20816
johnlowe@johnlowepc.com
Telephone:     (202) 251-0437
Facsimile:      (888) 595-6007
*Local Counsel*

Attorneys For Putative John Does Identified On The Caption

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing paper with the Clerk of the Court using ECF, which will send notification of such filing to all attorneys of record.

*/s/ Morgan E. Pietz*
Morgan E. Pietz

DATED:     May 15, 2014