# EXHIBIT AA

Morgan E. Pietz (SBN 260629)
THE PIETZ LAW FIRM
3770 Highland Avenue, Suite 206
Manhattan Beach, CA 90266
mpietz@pietzlawfirm.com
Telephone: (310) 424-5557
Facsimile : (310) 546-5301

Attorney for Putative John Doe

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALIBU MEDIA, LLC,<br><br>       Plaintiff,<br><br>      v.<br><br>JOHN DOE,<br><br>       Defendant. | Case Number: 3:13-cv-0437-LAB-DHB<br><br>Case Assigned to:<br>District Judge Larry Alan Burns<br><br>Discovery Referred to:<br>Magistrate Judge David H. Bartick<br><br>**DECLARATION OF MORGAN E. PIETZ**<br><br>Hearing Date:    September 3, 2013<br>Hearing Time:    3:30 P.M.<br>Before Magistrate Judge Bartick |

-1-

**DECLARATION OF MORGAN E. PIETZ**

1

# INDEX OF EXHIBITS

2

## TO DECLARATION OF MORGAN E. PIETZ

3

4  <u>Exhibit A</u>          Complete national case list from PACER for the Plaintiff, current

5                          as of June 6, 2013

6  <u>Exhibit B</u>          Declaration showing how Malibu Media routinely tries to take
                           early discovery beyond the scope of what is alleged in its
7                          complaints

8  <u>Exhibit C</u>          Copies of four sworn declarations that speak to Malibu Media's

9                          prior history of bad faith litigation tactics

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF MORGAN E. PIETZ

Exhibit AA - 2

## DECLARATION OF MORGAN E. PIETZ

I, Morgan E. Pietz, am over the age of 18 years old, have personal knowledge of the facts alleged herein, and hereby declare as follows:

1.      I am an attorney in good standing, duly admitted to the practice of law in the state and federal courts of the State of California.  I am also admitted to the bar of the United States District Court of the Northern District of Illinois, although I am not licensed in Illinois.

2.      I am the attorney principally responsible for the representation of multiple different individuals who received letters from their ISPs regarding subpoenas issued by plaintiffs Malibu Media, LLC and Patrick Collins, Inc.  I represent a putative John Doe in this case.

3.      My clients, including my client here, wishes to proceed anonymously, at least with respect to challenging the propriety of the subpoena and of joinder, given the potentially embarrassing, pornographic nature of the content Plaintiff is claiming my clients downloaded.

4.      The identities of each of my clients, including the putative John Doe I represent here, are known to me, and. if the Court requests it, I would be happy to lodge with the Court an exhibit identifying, *for the Court only,* each Doe who is a moving party by name, contact information, I.P. address and/or Doe number and/or a redacted copy of the letter the client received from his or her ISP.

**(a)**      **Malibu Media and Patrick Collins: Serial Copyright Infringement Plaintiffs**

5.      I am very familiar with the plaintiff in this action.  I represent various people around the country who have been threatened with suit by Malibu Media and Patrick Collins. As of the end of 2012, between them, Malibu Media and Patrick Collins (which are represented by the same lawyers, who use the same cookie-cutter pleadings and expert declarations, etc.) have filed 653 total copyright infringement

-3-

## DECLARATION OF MORGAN E. PIETZ

actions, against approximately 10,578 John Doe defendants, all since 2011.   I

calculated these figures by running a national PACER search for both of those

parties.  In August of 2012, I had my office staff tally up all of the Malibu Media

cases then pending nationally, and calculate the average number of John Does in

each of Malibu Media's cases then pending.  The result came out to an average of

16.2 John Does per Malibu Media action.  In 2011, Patrick Collins had some cases

where it sued as many as several thousand John Does at a time.  In any event,

assuming the more conservative national average of 16.2 Does per case for Patrick

Collins as well, and adding only the Malibu Media and Patrick Collins cases

together, results in the following figures: 653 total copyright infringement actions,

against approximately 10,578 John Doe defendants, from 2011 until the end of 2012.

A true and correct copy of the complete case list from PACER for the Plaintiff,

current as of June 6, 2013, is attached hereto as <u>Exhibit A</u>.

**(b)**       **Abusive Litigation Tactic Number One: Failure to File Notices of Related Cases**

6.       Notwithstanding the many similarities[1] between the cases filed by

Malibu Media, as well as the cases filed by plaintiff's counsel on behalf of Patrick

Collins, Inc., the plaintiff's lawyers in these cases routinely and willfully ignore

various Courts' related case rules.  Undersigned counsel has personally observed this

phenomenon repeated by various Malibu Media local counsel in at least six different

judicial districts across the country, including: Central District of California (Malibu

Media never filed notice of related cases; cases ultimately assigned to Judge

Klausner); Southern District of California (Malibu Media never filed notice of

related cases; all Malibu Media cases ultimately assigned to Judge Burns); Eastern

---

[1] Typically, the complaints are identical, tracking word for word, line by line; they rely upon the same purported technical expert Tobias Fieser for a declaration supporting the early discovery request; the various cases often involve the very same copyrighted movies; and, of course, it is the same plaintiffs counsel behind the whole operation, whether Malibu Media or Patrick Collins is the client.

-4-

**DECLARATION OF MORGAN E. PIETZ**

District of California (Malibu Media only filed notice of related cases after being pressured to dos; all Malibu Media cases ultimately referred to Magistrate Judge Drozd); the Central District of Illinois (Malibu Media never filed notice of related cases; all Malibu Media cases ultimately assigned to Chief Judge Shadid); the Northern District of Illinois (cases still spread out to different Judges; coordinated action likely pending); the D.C. District (cases spread to different Judges); and the Eastern District of Michigan (cases spread to different Judges).[2]  The foregoing list is not meant to be comprehensive; rather, it is simply a list of districts that undersigned counsel is familiar with, where Malibu Media has been content to waste judicial resources in this fashion.  In short, non-compliance with the related case rules is no accident; rather it appears to be part of Malibu Media's national litigation strategy.

**(c)** **Abusive Litigation Tactic Number Two: Use of Same Group of Notorious Professional "Negotiators" to Extract Settlements for Alleged Infringement**

7.    On June 13, 2012, I attempted to contact counsel for Malibu Media in California, Ms. Leemore Kushner, via email to ask what its settlement demand for a client Malibu Media was threatening with suit in the Central District of California.

8.    On June 14, 2012, Ms. Kushner told me via email that the next day, either she or her client, with whom she authorized me to speak, would be getting back to me with a settlement demand.  When nobody called on Friday, I followed up with Ms. Kushner first thing Monday morning June 18, 2012.

9.    Later on June 18, 2012, I received a voice message from a woman named Elizabeth Jones, who called me from a 786 (Miami) area code.  In her voice message, Ms. Jones identified my client's case number and Doe number, and

---

[2] Here, Malibu Media has ignored this district's companion case rule for months (L.R. 83.11(b)(7)).  To date, as far as undersigned counsel is aware, none of Malibu Media's cases in this district have ever been identified as companion cases.

**DECLARATION OF MORGAN E. PIETZ**

Exhibit AA - 5

explained that she was given my information by Ms. Kushner who authorized me to speak with her and that "we handle the settlement communications."

10.    I called Elizabeth Jones back later that day, June 18, 2012, and she answered. I asked her what company she was with and she said "we work with Malibu Media." I asked her if she was an employee of Malibu Media, and she responded that "we work in relation with them." I asked her if she worked for an independent company that handled Malibu Media's settlement communications, and if so, what was the name of her company. She repeated that "we work with Malibu Media." I asked her to please explain what she meant by "we" when she said "we work with Malibu Media" because this sentence seemed to imply that she did not actually work for Malibu Media and was therefore not the "client" with whom I had been authorized to speak. She responded that it seemed like I was not really calling because I was serious about a settlement, but that she "handled" Malibu Media's settlement communications. Later in this conversation, Ms. Jones admitted to me that she fielded settlement calls from "20 to 30 counsel per day," and when I asked how long she had been doing this line of work she answered for "a couple years." Based on her answers during our phone call, as well as my experience in similar copyright infringement cases, I concluded that Ms. Jones is likely a third party "negotiator" to whom Malibu Media outsources is collection efforts.

11.    On Monday June 25, 2012, at 12:05 p.m., Elizabeth Jones called me again to follow up on our prior discussion. She explained that she understood I had more than one case pending with Malibu Media and asked me to identify what John Does I was representing. Before answering, I pressed her again to please clarify what her exact capacity was in connection with this case. I asked her if she was an attorney, and she said no. After explaining that I did have more than one of these cases, I asked her if I could contact her about all of them, and did she work for a third party company that handled negotiations for Malibu Media. This time, she explained that yes she did work for such a company, and that "we" have a "Joint

-6-

**DECLARATION OF MORGAN E. PIETZ**

Sharing Agreement" with "Zero Tolerance, Third Degree, Patrick Collins, K-Beech, Malibu Media, Raw Films, and Nu-Corp." I asked her to repeat that so I could write it down, and she did. She also offered that I could contact her directly to negotiate for any of those plaintiffs.

12.     At no time during either of my conversations with Elizabeth Jones, the non-attorney, third party "negotiator," did she ever indicate that she considered our conversation to be confidential or that I should treat it as such. Similarly, I also did not invoke confidentiality. Neither Ms. Jones nor I ever used the word confidential, or any word like it, at any point in our two conversations.

**(d)      Abusive Litigation Tactic Number Three: Material Misrepresentation by the Settlement Negotiator as to the Range of Statutory Damages**

13.     During my conversation with Elizabeth Jones, Malibu Media's settlement negotiator, on June 18, 2012, she told me that Malibu Media's settlement demand for my client was $19,500. She explained that Malibu Media sought "the minimum statutory damages for each work of $750 per work," and that in the case of my client, John Doe No. 5, there were "a total of 26 registered hits." At first, I did not realize that what Malibu Media's settlement "negotiator" told me is actually incorrect. The actual statutory damage *minimum*, for innocent infringement, is $200 per work. 17 U.S.C. § 504(c)(2). Eventually, it dawned on me that this statement was incorrect; however, I doubt that a non-lawyer speaking to "Elizabeth Jones," or even a lawyer unfamiliar with copyright law, would catch this small but important misrepresentation.

**(e)      Abusive Litigation Tactic Number Four: Use of the Court's Subpoena Power to Try and Collect on Claims That Are Not Alleged in the Complaint and Go Beyond the Scope of this Litigation**

14.     After Ms. Jones explained Malibu Media's settlement demand to me

**DECLARATION OF MORGAN E. PIETZ**

during our phone conversation on June 18, 2012, wherein she said my client was liable for "a total of 26 registered hits," I told her that this did not sound right to me. I explained that I thought my client was alleged to have infringed less than 26 works of authorship.  So I pulled the complaint while we were on the phone together, confirmed, and then explained to Ms. Jones that, per Exhibit C of the complaint, my client was alleged to have infringed on only 15 copyrighted works.  I further explained that by my math, applying the $750 "minimum" figure, worked out to $11,250, not $19,500.  At this point, I asked Ms. Jones to please double check that to make sure that she had the right case and Doe number, because I could not understand why the demand was $19,500, and I thought perhaps she had my client mistaken with someone else.

15.     Ms. Jones confirmed that she was sure we were talking about the correct case and Doe, and confirmed the $19,500 figure was not a mistake. She explained to me that although the complaint alleged a siterip for 15 registered works, on April 1, 2012, *according to her records*, there had been "a second siterip, 2 days later" for 11 more works.  ***I explained that I was trying to settle the claims that were actually alleged in the Complaint***, and that according to Exhibit C of the Complaint, my client had allegedly infringed 15 works of authorship, not 26.  She again reiterated that according to her records, there was a "second siterip" on April 3, 2012, and that because of this, the settlement demand was going to be $19,500 to settle Malibu Media's claims, and that she "could send me a declaration" about the second siterip.  I then asked her if any settlement had to be all-or-nothing, meaning was it possible for my client to pay $11,250 to settle only those claims actually alleged in the complaint?  She responded that "it is all or nothing" and that if my client wanted to settle he/she would have to pay the full $19,500.  At this point, I said that since I didn't know anything about the "second siterip" not alleged in the complaint, it was hard for me to know what to make of this demand, and I asked her to please send me the declaration she had mentioned.  She said she would do so.

-8-

**DECLARATION OF MORGAN E. PIETZ**

16.     During my conversation with Elizabeth Jones, Malibu Media's negotiator, on June 18, 2012, I also asked her what the next steps would be if my client did not pay the $19,500 demanded for settlement.  She said that the next step would be "service," and that "as the case goes on, the settlement number will go up." She further explained that if "our side has to do more work on the case," the value will go up.  I asked her to explain what she meant by the next step being service, and she explained that after information is disclosed they would be sending letters asking whether we would accept service.  I replied that it was my understanding that Malibu Media had filed over 200 lawsuits, against thousands of John Doe defendants, and that it had served essentially none of them, so I asked her if she had any experience settling claims with defendants who had actually been served.  She responded that she *had* accepted settlement for defendants who had been served.  I asked her how many, to which she responded "I am not the one on trial here."  Then I asked her whether she was new to the company and if she really knew what she was doing, which is when she explained to me that she fields calls from "20 to 30 counsel per day" and, when prompted, explained that she had been doing this for "a couple years."  I asked her if she could tell me, based on her extensive experience, out of how many cases she had handled, had she accepted a settlement from someone who had already been served with a complaint.  She responded "every case is different."

17.     Before hanging up with Elizabeth Jones, I reiterated that I would like her to send me the declaration she had mentioned about the "second siterip."  I asked her how long it would take her to send me this declaration, and she said that it would be sent to me, by Ms. Kushner, within 24-48 hours.  I asked her for her email address so I could follow up, and she insisted that any email contact should go through Leemore Kushner.  Then I thanked her for her time and hung up.

18.     After waiting the requisite 24-48 hours and not receiving the Declaration Elizabeth Jones had promised me, I emailed Plaintiff's counsel Leemore

-9-

**DECLARATION OF MORGAN E. PIETZ**

Kushner to follow up.  Attached hereto as <u>Exhibit B</u> is a true and correct copy of the "Declaration" that was sent to me by Ms. Kushner.  This Declaration, which was executed by Malibu Media's technical expert, purports to provide details about the "second siterip," which is not alleged in the complaint but which supposedly occurred on April 3, 2012.  For reference, the complaint in this case, C.D. Cal. Case No. 12-cv-3614, was filed on April 26, 2012.

19.     Ms. Kushner has repeated this tactic with respect to other Does sued by Malibu Media, and with respect to other Does sued by Patrick Collins. On August 10, 2012, I contacted Ms. Kushner regarding my client, putative John Doe No. 7 in C.D. Cal. Case No. 12-cv-5268, who, according to the complaint, downloaded a single copyrighted work owned by Patrick Collins, called *Anal Students*, on 4/11/12. When we discussed settlement, Ms. Kushner insisted that any settlement would have to also compensate Patrick Collins for the additional infringements, of additional works, which were "logged" on subsequent dates.  In that case, C.D. Cal. Case No. 12-cv-5268, the *complaint* alleges that my client, putative Doe No. 7, downloaded a single work—*Anal Students*—on 4/11/12.  However, in order to settle the case, Ms. Kushner insisted that "The settlement demand for this Doe is [REDACTED] for his/her infringement of three of Patrick Collins' works:

> 04/11/2012 10:00:09 | Anal Students
>
> 06/18/2012 07:56:29 | Performers of the Year 2012
>
> 04/30/2012 06:28:30 | Asa Akira Is Insatiable #2."

It is significant that the infringement of the second two titles, which are the subject of other lawsuits filed by Ms. Kushner, is ***not alleged in the complaint*** in 12-5268. Notably, when the Court granted early discovery in that action, as many other Courts have done, it ordered that "Patrick Collins, Inc. may only use the information disclosed for the sole purpose of protecting its rights in pursuing this litigation."  12-5268, Dkt. No. 7, p. 5.  Taking settlement demands beyond the scope of what is actually alleged in the complaint—which appears to be a routine practice for

-10-
## DECLARATION OF MORGAN E. PIETZ

Plaintiff—would appear to, at the very least, come perilously close to violating this condition of the Court's order.[3]  My understanding is that other "local counsel" for Malibu Media in other districts, generally conform with this same practice; I know for a fact that Malibu Media's lawyer in the Eastern District of Pennsylvania, Jason Kotzker, does this same thing, and have heard that other "local counsel" for plaintiff does so too.  None of this is surprising given that, on information and belief, all the Malibu Media, Patrick Collins, Third Degree Films, NuCorp, K-Beech, Zero Tolerance, and Raw Films litigation is steered nationally by the Miami law firm of Lipscomb Eisenberg & Baker, PLLC; the "local counsel" are presumably just following orders.

**(f)          Abusive Litigation Tactic Number Five: Overbroad Subpoena Seeking Phone Numbers and Emails**

20.          On May 1, 2012, Magistrate Brown, of the Eastern District of New York, issued a report and recommendation that was specifically addressed to Malibu Media.  In the discovery order part of the report, Judge Brown directed that "Under no circumstances are plaintiffs permitted to seek or obtain the telephone numbers or email addresses of these individuals."  The plaintiffs to whom Judge Brown was referring specifically include Malibu Media.

21.          Three days later, on May 4, 2012, Malibu Media filed its request for early discovery in C.D. Cal. Case NO. 12-cv-3614, seeking to obtain by subpoena the telephone numbers and email addresses of John Does who allegedly reside in the Central District of California. Similarly, in the Southern District, Ms. Kushner also

---

[3] Another example of this same pattern occurred on July 18, 2012.  I emailed Ms. Kushner regarding a settlement for a client sued by Malibu Media in C.D. Cal. Case No. 12-650.  The complaint alleged a person using my client's I.P. address downloaded one movie.  However, Ms. Kushner insisted that any settlement would have to be for seven movies.  As in other cases, the order authorizing early discovery in that case—which was subsequently vacated—required that "Plaintiff, Malibu Media, LLC, may only use the information disclosed for the sole purpose of protecting its rights in pursuing this litigation;".  C.D. Cal. Case No. 8:12-cv-650, Dkt. No. 7, p. 6:26-27.  It seems clear that Ms. Kushner is using the subpoenas to try and collect on claims that go well beyond the four corners of the complaints.

-11-

**DECLARATION OF MORGAN E. PIETZ**

spent much of mid-May filing requests for early discovery which sought information Malibu Media had been specifically ordered not to request anymore.  *E.g.*, S.D. Cal. Case No. 12-cv-1135, Dkt. No. 4, Motion for Discovery for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference, filed May 15, 2012.  Similarly, Ms. Kushner has sought the same information from the Courts of this District, subsequent to Judge Brown's order.  Although many Judges since Judge Brown have imposed the same restriction, and a conservative litigant acting in good faith would just stop asking for this information altogether, in each new District plaintiff generally tries again to obtain phone numbers for the Does, so it can leave less of a paper trail in its efforts to pressure the ISP subscribers into "settling."

**(g)**      **Abusive Litigation Tactic Number Six: Malibu Media and Patrick Collins' History of Seldom Serving Any John Does**

22.      As of mid-July, 2012, I had filed at least four motions challenging Malibu Media to disclose, under penalty of perjury, how many John Does it has served nationwide.  However, until early September, 2012, Malibu Media refused to answer this question, in any forum.

23.      Accordingly, on July 17, 2012, I endeavored to try and answer this question on my own. To begin this process, I ran an updated search of all cases Malibu Media has filed nationwide on PACER and exported the results as a spreadsheet.  As of July 17, 2012, this number had risen to 237 cases.  After sorting the data by date filed, I highlighted on the spreadsheet the 35 cases that were over 120-days old as of July 17, 2012.  I then directed my staff to pull the docket reports for each of these 35 cases, and I reviewed each one of dockets myself, filling in the final two columns on the spreadsheet with my results.

24.      As of July, 16, 2012, Malibu Media had not formally served a single John Doe defendant in any of the 35 cases it has filed that were at least 120 days old on that date. In most cases, Malibu Media: (i) voluntarily dismissed remaining John Does (meaning those who had not already settled) *without* prejudice at or near the

-12-
**DECLARATION OF MORGAN E. PIETZ**

service deadline; (ii) sought leave of Court for an extension of time for service, or simply ignored the service deadline altogether; or (iii) in two cases, Malibu Media simply dismissed the case without prejudice prior to even requesting early discovery.

25.    In a reply brief Ms. Kushner filed in the Central District of California on September 10, 2012, for the first time that I am aware of, Malibu Media addressed, albeit in misleading fashion and not under penalty of perjury, the question of how many people has it actually served nationwide.  C.D. Cal. Case No. 2:12-cv-03614-RGK-SS, Dkt. No. 33, Filed 09/10/12. In my opposition to Malibu Media's Renewed Motion for Leave to Issue Third Party Subpoenas to ISPs Prior to a Rule 26(f) conference, I had argued that Malibu Media's subpoenas are not "very likely" or even "reasonably likely" to lead to identification and service of a complaint on a proper defendant, given that Malibu Media basically never serves anyone.  Malibu Media responded that it "has sued numerous individual defendants for copyright infringement in courts throughout the country, and has every intention of *litigating* these cases as well."  *Id.* (emphasis added).  Notably, Ms. Kushner does not say that Malibu Media has every intention of actually "serving" anybody.  In support of this statement, Ms. Kushner dropped a footnote, "*e.g.*" citing to 18 cases from across the country.  The cases Ms. Kushner cited are:

    a.  Malibu Media LLC v. Southgate, 3:12-cv-00369-DMS-WMC (S.D.Cal.);

    b.  Malibu Media, LLC v. Abrahimzadez, 1:12-cv-01200-ESH (D.D.C.);

    c.  Malibu Media LLC v. Bochnak, 1:12-cv-07030 (N.D.Ill.);

    d.  Malibu Media LLC v. Siembida, 1:12-cv-07031 (N.D.Ill.);

    e.  Malibu Media LLC v. Vancamp, 2:12-cv-13887-PDB-DRG (E.D.Mich.);

    f.  Malibu Media LLC v. Fantalis, 1:12-cv-00886-MEH (D.Colo.);

    g.  Malibu Media LLC v. Xu, 1:12-cv-1866-MSK-MEH (D.Colo.);

-13-

**DECLARATION OF MORGAN E. PIETZ**

h.   Malibu Media LLC v. Allison, 1:12-cv-1867-MSK-MEH (D.Colo.);

i.   Malibu Media LLC v. Ramsey, 1:12-cv-1868-MSK-MEH (D.Colo.);

j.   Malibu Media LLC v. Tipton, 1:12-cv-1869-MSK-MEH (D.Colo.);

k.   Malibu Media LLC v. Kahrs, 1:12-cv-1870-MSK-MEH (D.Colo.);

l.   Malibu Media LLC v. Domindo, 1:12-cv-1871-MSK-MEH (D.Colo.);

m.  Malibu Media LLC v. Peng, 1:12-cv-1872-MSK-MEH (D.Colo.);

n.   Malibu Media LLC v. Maness, 1:12-cv-1873-MSK-MEH (D.Colo.);

o.   Malibu Media LLC v. Nelson, 1:12-cv-1875-MSK-MEH (D.Colo.);

p.   Malibu Media LLC v. Geary, 1:12-cv-1876 MSK-MEH (D.Colo.);

q.   Malibu Media LLC v. Detweiler, 2:12-cv-4253-ER (E.D.Pa.);

r.   Malibu Media LLC v. Johnston, 2:12-cv-4200-JHS (E.D.Pa.).

26.   Curious, I had my office staff pull the docket for all 18 of these cases from PACER, and we compiled them. I then reviewed each docket. Based on my review of these dockets, and assuming these are the only cases where Malibu Media has served anyone, it appears that, *as of September 2012, nationwide, out of the nearly 300 cases it has filed against nearly 5,000 John Does, Malibu Media can point to having served a grand total four people, in two cases*. Specifically, out of the 18 cases Malibu Media cites as evidence that it is serious about "litigating," and as shown in Appendix 2, it appears Malibu Media served three people (Jeff Fantails, Bruce Dunn, and Stephen Deus) in Case No. 12-cv-0886 currently pending in the District of Colorado, and one person (Gan Southgate) in Case No. 12-cv-369 currently pending in the Southern District of California. All the rest of the cases are instances where "Malibu Media" has followed through on its threat to "name" someone and trash their reputation, but has not yet actually served anyone and subjected themselves to a counter-claim for abuse of process. Based on these numbers, it would appear that Malibu Media's nationwide service of process average is an infinitesimal 0.04%. When I looked at the spreadsheet another way, it showed that of those 287+ cases nationwide, 139 cases, or not quite half, were already over

-14-

**DECLARATION OF MORGAN E. PIETZ**

120 days old as of September 13, 2012. And as of that date, Malibu Media appears to have served 4 people.

27. My office has yet to calculate similar national numbers for Patrick Collins. However, I have performed a cursory review the dockets in each of the terminated cases filed by Patrick Collins in both the Southern District of California and the Central District of California. It appears the same pattern holds. Generally, after seeking early discovery, and sometimes after requesting extensions of the service deadline, at or near the service deadline, the plaintiff simply dismisses most, and eventually all Does (other than those who have already "settled") without prejudice. There are a total of 11 prior cases filed by Patrick Collins in the Southern and Central Districts of California, terminated as of September 21, 2012, and it appears that in no case have they served anybody.

28. Attached hereto as <u>Exhibit C</u> are true and correct copies of four sworn declarations filed by the defendant in one of the few Malibu Media cases nationwide where Malibu Media has actually served someone. Three of the declarations are from subpoena defense attorneys like me detailing how Malibu Media routinely ignores attempts to meet and confer to try and resolve these lawsuits in good faith. And the final declaration is from a 66 year old *pro se* defendant who has had the same troubling experience. The attorney being referred to in these declarations, Jason Kotzker, represents both Malibu Media and Patrick Collins. These declarations were originally filed in *Malibu Media v. Fantails,* D. Colo. Case No. 1:12-cv-00886-MEH, ECF No. 80, pp. 37-41.

**(h)      Recent Developments: Single Doe Suits, "Expanded Surveillance Reports," and "Exculpatory Evidence Requests"**

29. Starting in 2013, Malibu Media essentially gave up the ghost on "swarm joinder" and switched to mainly filing single-Doe lawsuits. I have observed this in multiple districts, and it is reflected in <u>Exhibit A</u>.

-15-

**DECLARATION OF MORGAN E. PIETZ**

30.     Along with the switch to single-Doe cases, Malibu Media has also begun including as exhibits to its complaints two somewhat unusual documents. The first document is something Malibu Media usually styles an "expanded surveillance report." This essentially consist of a record of various video titles that Malibu Media's purported technical expert alleges was downloaded by the same IP address observed downloading Malibu Media content. Generally, the content Malibu Media lists in the "expanded surveillance report" is considerably more graphic and embarrassing than the titles of Malibu Media movies. *See Malibu Media, LLC v. John Doe*, E.D. Wi. No. 3:13-cv-0205-slc, ECF No. 7 (order to show cause why Malibu Media should not be sanctioned for including embarrassing, non-evidentiary material as attachment to complaint). Malibu Media also includes as an attachment to its complaints, an so-called "exculpatory evidence request." Presumably, Malibu Media hopes that pro se defendants will complete this form when they prepare an answer, and thus provide Malibu Media with incriminating information outside the confines of the Rules of Civil Procedure.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 1, 2013, at Manhattan Beach, California.


*/s/ Morgan E. Pietz*

Morgan E. Pietz, Declarant

**DECLARATION OF MORGAN E. PIETZ**

# EXHIBIT BB

1  Maureen C. VanderMay, WSBA No. 16742
   The VanderMay Law Firm PC
2  2021 S. Jones Blvd.
   Las Vegas, Nevada 89146
3  (503) 588-8053

4

5

6              UNITED STATES DISTRICT COURT

7              EASTERN DISTRICT OF WASHINGTON

8

9  ELF-MAN, LLC,                    )    Case No.: 2:13-CV-00395-TOR
                                    )
10            Plaintiff,            )    PLAINTIFF'S FRCP 26(a) INITIAL
                                    )    DISCLOSURES
11 v.                               )
                                    )
12 RYAN LAMBERSON,                  )
                                    )
13            Defendant.            )
   _____ )
14
           Without waiving any work product protection or other privilege, in good
15
   faith plaintiff, by its undersigned counsel, hereby discloses the following items
16
   pursuant to Rule 26(a) of the Federal Rules of Civil Procedure.  Plaintiff reserves
17
   the right to supplement these disclosures and agrees to do so in good faith as may
18
   be proper.
19

20 **(i) the name and, if known, the address and telephone number of each**
21 **individual likely to have discoverable information — along with the subjects of**
22 **that information — that the disclosing party may use to support its claims or**
23 **defenses, unless the use would be solely for impeachment;**
24 / / / /
25 / / / /
26

27 PLAINTIFF'S FRCP 26(a) INITIAL
28 DISCLOSURES - Page 1

1  Kurt Uebersax

2

3      7820B Wormans Mill Rd., Frederick, MD 21701. As a principal, Mr.

4  Uebersax is represented by and may be reached through counsel of record in this

5  case.

6

7      Kurt Uebersax is a principal of Elf Man, LLC , COO of Wiseacre Films, and

8  knowledgeable about aspects related to the production of plaintiff's motion picture,

9  damages and records and things associated with plaintiff's motion picture.

10

11  Richard Jefferies

12

13      7820B Wormans Mill Rd., Frederick, MD 21701. As a principal, Mr.

14  Jefferies is represented by and may be reached through counsel of record in this

15  case.

16

17      Richard Jefferies is a principal of Elf Man, LLC, CEO of Wiseacre Films,

18  and knowledgeable about aspects related to the production of plaintiff's motion

19  picture, damages and records and things associated with plaintiff's motion picture.

20

21  Daniel Macek

22

23      Heilbronnerstr. 150, 70191 Stuttgart, Germany. Tel:  +49 (0) 721-

24  977-95-73.  May be reached through counsel of record in this case.

25

26      Daniel Macek is plaintiff's primary investigator who oversaw the direct

27  PLAINTIFF'S FRCP 26(a) INITIAL

28  DISCLOSURES - Page 2

Exhibit BB - 2

1   peer-to-peer connection with defendant's IP address and confirmed the distribution

2   of plaintiff's motion picture through defendant's IP address and is knowledgeable

3   about associated records and activity observed.

4

5   Michael Patzer

6

7       Heilbronnerstr. 150, 70191 Stuttgart, Germany. Tel: +49 (0) 7247-4056-199.

8   May be reached through counsel of record in this case.

9

10      Michael Patzer is an author of software used by plaintiff's investigator and is

11  knowledgeable about peer-to-peer file exchanges and the veracity of plaintiff's

12  investigations.

13

14  Ryan Lamberson

15

16      Defendant, may contacted through defendant's counsel.

17

18      It is anticipated that Ryan Lamberson will provide testimony related to the

19  claims of plaintiffs and the defenses raised.

20

21  Unknown Lamberson Household Members

22

23      It is anticipated additional evidence and testimony will be available and

24  provided by currently unknown members of the Lamberson household.

25

26  / / / /

27  PLAINTIFF'S FRCP 26(a) INITIAL

28  DISCLOSURES - Page 3

1  / / / /

2  Further Parties

3

4      As discovery develops, including possible forensic analysis of defendant's

5  computers, it is anticipated that plaintiff will supplement this disclosure.

6

7  **(ii) a copy — or a description by category and location — of all documents,**

8  **electronically stored information, and tangible things that the disclosing party**

9  **has in its possession, custody, or control and may use to support its claims or**

10 **defenses, unless the use would be solely for impeachment;**

11

12     Plaintiff is in possession or control of the following documents,

13 electronically stored information, and/or tangible things:

14     The torrent file used by the infringer to access the swarm at issue; a copy of

15 the work being distributed by the infringer; packet capture (PCAP) files (the

16 network traffic flowing between the monitoring system and source computer);

17 investigator technical reports analyzing the PCAP files and swarm; and a

18 time-stamped WORM / Write Once, Read Many tape of investigator collected data.

19 These documents are largely digital in the "cloud" though the original physical

20 WORM drive is located at:

21

22     TelemaxX Telekommunikation GmbH

23     Rechenzentrum Datacenter Karlsruhe

24     Amalienbadstraße 41, 76227 Karlsruhe, Germany.

25

26 / / / /

27 PLAINTIFF'S FRCP 26(a) INITIAL
28 DISCLOSURES - Page 4

1  ////

2    Production of such documents to be facilitated by plaintiff's counsel on
3  request and established protocols.

4    Plaintiff's corporate records are generally available at corporate offices in
5  Los Angeles, CA, and Frederick, MD, though it is not anticipated such will be
6  needed in this case as plaintiff intends to seek statutory damages.

7    Additional records are on file and publicly available through the U.S.
8  Copyright Office, www.copyright.gov.

9    Plaintiff also anticipates such further expert reports and discovery as may
10 become available in this case.

11

12 **(iii) a computation of each category of damages claimed by the disclosing**
13 **party — who must also make available for inspection and copying as under**
14 **Rule 34 the documents or other evidentiary material, unless privileged or**
15 **protected from disclosure, on which each computation is based, including**
16 **materials bearing on the nature and extent of injuries suffered; and**

17

18    Plaintiff does not seek economic damages at this time.  Rather, it seeks
19 statutory damages pursuant to 17 U.S.C. § 504(c).  As such, plaintiff's damages are
20 not subject to computation at this time.

21    Plaintiff reserves the right to seek economic and compensatory damages
22 based on what may be learned through discovery and as the case develops.

23

24 **(iv) for inspection and copying as under Rule 34, any insurance agreement**
25 **under which an insurance business may be liable to satisfy all or part of a**
26 **possible judgment in the action or to indemnify or reimburse for payments**

27 PLAINTIFF'S FRCP 26(a) INITIAL
28 DISCLOSURES - Page 5

1 | **made to satisfy the judgment.**

2

3 |     Plaintiff is not aware of any such claims or policies.

4 |     DATED: December 16, 2013

5 |                         The VanderMay Law Firm

6

7 |                          s/ Maureen C. VanderMay
                         Maureen C. VanderMay, WSBA No. 16742
                         Email: elfmanwa@vandermaylawfirm.com
8 |                        2021 S Jones Blvd.
                         Las Vegas, Nevada 89146
9 |                        (702) 538-9300
                         Of Attorneys for Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27 | PLAINTIFF'S FRCP 26(a) INITIAL
28 | DISCLOSURES - Page 6

# EXHIBIT CC

EXHIBIT CC

1

2  J. CHRISTOPHER LYNCH, WSBA #17462
   JEFFREY R. SMITH, WSBA #37460
3  RHETT V. BARNEY, WSBA #44764
   LEE & HAYES, PLLC
4  601 W. Riverside Avenue, Suite 1400
   Spokane, WA  99201
5  Phone: (509) 324-9256
   Fax: (509) 323-8979
6  Fax: (509) 323-8979
7  Emails: chris@leehayes.com
           jeffreys@leehayes.com
8          rhettb@leehayes.com

9

10 *Counsel for Defendant Ryan Lamberson*

11

12                **UNITED STATES DISTRICT COURT**
                  **EASTERN DISTRICT OF WASHINGTON**
13

14 ELF-MAN, LLC,

15                                    Plaintiff,       No. 2:13-CV-0395-TOR

16       vs.                                           **DEFENDANT LAMBERSON'S**
                                                       **REPLY MEMORANDUM IN**
17                                                     **SUPPORT OF MOTION TO**
   RYAN LAMBERSON,                                     **COMPEL DISCOVERY OR FOR**
18                                                     **ISSUANCE OF LETTERS OF**
                                                       **REQUEST**
19                                    Defendant.
                                                       Without Oral Argument
20

21

22

23

24

25

26

REPLY IN SUPPORT OF DEFENDANT'S
MOTION TO COMPEL - 1

1
2
3
4

Ryan Lamberson submits this Reply Memorandum in Support of His Motion to Compel Discovery (ECF No. 42/45).   This Reply Memorandum is supported by the Declaration of Jeffrey R. Smith, counsel for defendant, and its Exhibits.

5
6
7
8
9

Plaintiff's Memorandum in Opposition (ECF No. 48) does not dispute any of the operative facts submitted by defendant to support his Motion to Compel Discovery.   Consequently, the law and the equities weigh in favor of an Order compelling the deposition of plaintiff's investigators in Spokane.

10
11
12
13
14
15

For example, plaintiff does not dispute that Messrs Patzer and Macek are the only apparent "witnesses" as to the allegations that Mr. Lamberson somehow violated the Copyright Act. Plaintiff does not dispute that Messrs Patzer and Macek are operating from Germany.

16

**I.     There is no "informal" process for deposing German nationals.**

17
18
19
20
21
22
23
24
25
26

As detailed in Mr. Smith's initial Declaration (ECF. No. 43) submitted with the Motion (ECF No. 45), there is no "informal" process for taking a deposition of a German national from the United States. Plaintiff cites Fed. R. Civ. P. 28(b)(1)(C) and the Declaration of plaintiff's counsel to suggest that there may be some informal process of taking these depositions from the United States, for example by telephone.  But the international law appears to be clear that there is no legal manner in which to accomplish this as to a German national.   After the submission of plaintiff's Memorandum in Opposition (ECF No. 48), defense counsel contacted

REPLY IN SUPPORT OF DEFENDANT'S
MOTION TO COMPEL - 2

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington  99201
Telephone: (509)324-9256 Fax: (509)323-8979

Exhibit CC - 2

plaintiff's counsel providing a detailed analysis of the operative law and asking for an explanation how the informal process suggested by plaintiff could possibly work. (Smith Declaration at 2, Exhibit A). This inquiry also requested available dates for such a deposition, if it could be legally conducted.  To date, we have received no substantive reply from plaintiff's counsel – no explanation how the suggested procedure would be lawful, and no indication if the witnesses would be produced on the requested dates.  Plaintiff's inability to explain how such a deposition could legally be conducted is further confirmation that the equities favor Mr. Lamberson's request.

*Slauenwhite v. Bekum Maschinenfabriken,* 104 F.R.D. 616, 619 (D. MA. 1985) supports the relief requested by Mr. Lamberson.   The District of Massachusetts denied a protective order sought by a German party to require its deposition in Germany.  Instead, the Court required the deposition to take place in the district of the lawsuit.   In denying the request to force the deposition in Germany, the Court reviewed the difficulty of taking the depositions of German nationals under the Hague Convention:

> "The [Hague Convention] treaty does not prohibit the taking of discovery in this country [the United States].... Nor does it require an initial resort to the procedures of the [Hague] Convention.... Requiring resort to the procedures of the Convention at this time would be tantamount to an order denying the plaintiff the discovery he seeks." (At 618-619).

REPLY IN SUPPORT OF DEFENDANT'S
MOTION TO COMPEL - 3

## II.    The Court has discretion to Order the depositions in this District.

Although defendant has captioned its Motion as one to "compel discovery," the request is also essentially one for a "protective order" requesting the same relief. Courts addressing these issues use both Rules 37 and 26 in ruling on similar motions.

This Court has ruled that it has the discretion to set the time and place of conducting witness depositions.  *Detweiler Bros. v. John Graham and Company,* 412 F. Supp. 416, 422 (E.D. Wa. 1976).  *Detweiler* denied the plaintiff's request for the defendant to be required to pay the costs of producing plaintiff's employee-witness in the Eastern District of Washington for deposition:

> "As a normal rule plaintiff will be required to make himself available for examination in the district in which he has brought suit, and costs are not allowable absent good cause.  This rule would also apply to plaintiff's agents and employees, especially where, as here, plaintiff is responsible for their absence from the district." (At 422, citations omitted).

*Grotrian, Helfferich Schultz v. Steinway & Sons,* 54 F.R.D. 280, 282 (S.D.N.Y. 1971) grants a requested protective order requiring a plaintiff to take the deposition of a German witness in the New York venue of the case:

> "Since plaintiff has chosen this forum, it cannot impose upon defendant the extraordinary expense and burden of traveling to a foreign country to conduct a deposition except on a showing of burden and hardship to the plaintiff."  (At 281).

REPLY IN SUPPORT OF DEFENDANT'S
MOTION TO COMPEL - 4

*Minnesota Mining & Manufcturing Co. v. Dacar Chemical,* 707 F. Supp. 793, 795 (W.D. Pa. 1989) granted a defendant's Motion to Compel. The ruling required the plaintiff to produce the patent attorney witness who wrote the patent-in-suit to appear in the district of the lawsuit for deposition, as opposed to his place of residence. Plaintiff argued it did not "choose" the forum, because it had to come to the venue of the accused infringer, but the Court rejected this point:

> "It is true that frequently plaintiffs do not choose the forum in the sense of selecting the one most advantageous forum from many available. Nonetheless it is plaintiffs which make the primary choice to bring suit or not, and thus choose a forum. It is only appropriate that in making that decision, plaintiffs must consider the costs of prosecuting that suit, rather than rely on shifting the cost onto defendants before adjudication on the merits." (At 795).

Indeed, even a defendant's witnesses can be compelled to travel at their expense to the United States for deposition as was the Court's ruling in the civil forfeiture case of *United States v. $160,066.98 from Bank of America, et al.* 202 F.R.D. 624, 624-631 (S.D. CA. 2001) requiring Pakistani defense witnesses to appear in San Diego, and taking into account the relative travel expenses of the attorneys and court reporters. *Fausto v. Credigy Services,* 251 F.R.D. 427, 429-431 (N.D. CA. 2008) is in accord, granting a Motion to Compel and denying a Motion for a Protective Order, requiring employee witnesses of the defendant Brazilian company to appear in the United States for deposition.

REPLY IN SUPPORT OF DEFENDANT'S
MOTION TO COMPEL - 5

### III.   **Plaintiff does not dispute that its investigators operated in violation of Washington law.**

Plaintiff's opposition to this Motion does not dispute the numerous infirmities of the work of its investigators, including that the investigators are operating in contravention of the Washington Private Investigator regulations at RCW 18.165. The statutory scheme at RCW 18.165 is clear:  If an investigator is engaged in "detecting, discovering, or revealing" "evidence to be used before a court" then the investigator must be licensed and bonded.   Messrs Macek and Patzer are not licensed and bonded in Washington, yet the plaintiff has selected these individuals to detect, discover or reveal evidence it plans to introduce into court.  Plaintiff could have used the investigation from Messrs Patzer and Macek to hire a licensed local investigator to confirm the "infringement" – a local investigator who would be subject to the jurisdiction of the court and to service of process to compel testimony. Plaintiff should not be able to hide behind the illegalities of its investigators by refusing to bring them to the situs of the case for deposition.  The equities support compelling the plaintiff to produce the witnesses in Spokane.

### IV.   **Plaintiff does not dispute the limitations of its investigation.**

Plaintiff does not dispute that neither it nor its counsel hired the investigators. Plaintiff does not dispute that the entirety of its liability evidence is that its investigator's system does a "handshake" with an IP address and then sends a

REPLY IN SUPPORT OF DEFENDANT'S
MOTION TO COMPEL - 6

request for a bit to that IP address and in turn receives a bit.   In the case of Mr.
Lamberson, Plaintiff does not dispute that that the uploaded bit from the IP address
associated with Mr. Lamberson may be too small to be perceptible, or that the
investigator's machine doing the actual uploading may have been in The
Netherlands, not Germany.   Plaintiff does not dispute that its investigation does not
account for "false positives" that could lead to erroneous identification of IP
addresses, including that bittorrent "client software" can allow the "spoofing" of IP
addresses (i.e. a person in a swarm can "make up" an IP address that is displayed to
the others in the swarm).   The bottom line is that defendant must be able to depose
Messrs Patzer and Macek and then to compel their testimony at trial in order for Mr.
Lamberson to be fully exonerated.  Despite defendant's offer to require the plaintiff
to bring the witnesses to Spokane only once for deposition and then a perpetuation
deposition to be usable at trial, plaintiff has not offered to make them available, nor
made any suggestion as to how to lawfully depose them.

## V.     Plaintiff continues to hide its relationship with the investigators.

As noted in the Motion to Compel, defense counsel remains unsatisfied with
plaintiff's explanation of the relationship of plaintiff to the investigators.  (ECF No.
43, Exhibit F). On May 2, 2014, Plaintiff did reply to defendant counsel's inquiry
(Smith Dec. Exhibit B, filed under seal), deriding the inquiry as "more like a
conspiracy novel than a legitimate request for additional discovery" and failing to

REPLY IN SUPPORT OF DEFENDANT'S
MOTION TO COMPEL - 7

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington  99201
Telephone: (509)324-9256 Fax: (509)323-8979

Exhibit CC - 7

provide any further explanation as to exactly how Mr. Macek, a German national, could possibly be "working for" a delinquent South Dakota corporation, and how such a delinquent South Dakota company with no offices could have "been retained" by Anti-Piracy Management Company, a company that pretends to have an office in Sacramento, California (but presumably is located in Karlsruhe, Germany) – all without any paperwork or financial terms.  The May 2, 2014 explanation indicates "Mr. Macek is paid at a set rate in the form of a monthly salary which was in no way contingent upon the results of the subject investigation nor the outcome of this litigation" – but how could this be the case?  How could a German national work for a delinquent South Dakota company? The May 2, 2014 explanation indicates "We have provided every document that exists concerning the subject relationships," but this cannot be true since the explanation also admits "the parties to this arrangement are working upon but have not yet finalized the financial terms of their arrangement."  There must be some written explanation as to why the financial terms were redacted from the APMC agreement provided in discovery and there must be some written explanation why there are no terms at all with Crystal Bay.  Indeed, if the South Dakota company Crystal Bay Corporation were a real company, we could seek discovery from it, but, as our April 16 letter questions, how could we seek discovery from a company with no office, and with a registered agent with no office? (Smith Dec. at ¶¶4-6, Exhibits C, D, E, and F).

REPLY IN SUPPORT OF DEFENDANT'S
MOTION TO COMPEL - 8

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington  99201
Telephone: (509)324-9256 Fax: (509)323-8979

Exhibit CC - 8

To compound matters, it appears the identical Stuttgart, Germany addresses for Messrs. Patzer and Macek provided by plaintiff in the Initial Disclosures (Smith Dec. Exhibit G) may be entirely inaccurate.  Both Messrs Patzer and Macek are identified in plaintiff's initial disclosures as having an identical address of "Heilbronnerstr. 150, 70191 Stuttgart, Germany," but our investigation shows this building is a "mail drop" and a place where offices can be rented for a short term, including by the hour.  (Smith Dec. ¶7). Mr. Patzer was identified as a plaintiff's witness in Initial Disclosures in another U.S. bittorrent case as having an address of "Flat 9, Queens Mansions, 1A Queens Gardens, BN21 3EG Eastbourne, United Kingdom."  (Smith Dec. Exhibit H).  These other Initial Disclosures were signed by that plaintiff's attorney on May 2, 2014 – after the filing of this Motion to Compel, but prior to Elf-Man LLC's Memorandum in Opposition – yet Elf-Man LLC's opposition says nothing about the true location of Mr. Patzer and whether it is in Germany or the U.K.  We informed plaintiff of this discrepancy and requested clarification, but have received nothing. (Smith Dec. Exhibit I).  The bottom line is that the plaintiff is doing nothing to aid in the discovery from its only witnesses.

## VI.    The balance of equities favors the depositions in Spokane.

Denial of the present Motion to Compel would leave Mr. Lamberson without recourse to compel the testimony of the only fact witnesses against him.  In other words, even if Mr. Lamberson were able to depose Messrs. Patzer or Macek in

REPLY IN SUPPORT OF DEFENDANT'S
MOTION TO COMPEL - 9

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington  99201
Telephone: (509)324-9256 Fax: (509)323-8979

Exhibit CC - 9

Germany, and such deposition exonerates Mr. Lamberson,  Mr. Lamberson might not be able to compel these witnesses to Spokane for trial.  This result would render plaintiff's choice of forum a *forum non conveniens:*

> "To fix the place of a trial at a point where litigants cannot compel personal attendance and may be forced to try their cases on deposition, is to create a condition not satisfactory to the court, jury, or most litigants."  *Gulf Oil v. Gilbert,* 330 U.S. 501, 511(1947)

*Gulf Oil v. Gilbert,* 330 U.S. 501, 511(1947) affirmed dismissal of an action under principles of *forum non conveniens* when necessary fact witnesses could not be compelled to trial.  *See also, Interface Partners v. Hananel,* 575 F.3d 97, 105 (1st Cir. 2009) (Israeli witnesses available only by videoconference weighed in favor of *forum non conveniens* dismissal); and *Kultur Int'l Films v. Covent Garden Pioneer,* 860 F.Supp. 1055, 1067-1068 (D. N.J. 1994) (videotaped deposition of key witness to breach of contract and tort case would not be an acceptable substitute for his live testimony, which could not be compelled in the United States, but could be compelled in England, and thus weighed in favor of *forum non conveniens* dismissal).

## VII.   Conclusion.

Defendant respectfully requests an Order that Plaintiff be required to produce its two fact witnesses Messrs Patzer and Macek in Spokane for deposition at plaintiff's expense.

REPLY IN SUPPORT OF DEFENDANT'S
MOTION TO COMPEL - 10

1   DATED this 20th day of May, 2014.

2                           LEE & HAYES, PLLC

3
                         By: *s/ J. Christopher Lynch*
4

5                              J. Christopher Lynch, WSBA #17462

6                              Jeffrey R. Smith, WSBA #37460
                               Rhett V. Barney, WSBA #44764
7                              601 W. Riverside Avenue, Suite 1400

8                              Spokane, WA 99201

9                              Phone: (509) 324-9256
                               Fax: (509) 323-8979
10                             Emails:  chris@leehayes.com

11                                      jeffreys@leehayes.com

12                                      rhettb@leehayes.com

13
                              *Counsel for Defendant Ryan Lamberson*
14

15

16

17

18

19

20

21

22

23

24

25

26

REPLY IN SUPPORT OF DEFENDANT'S
MOTION TO COMPEL - 11

# CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of May, 2014, I caused to be electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Maureen C. VanderMay                    efile@vandermaylawfirm.com


LEE & HAYES, PLLC

By: *s/ J. Christopher Lynch*
    J. Christopher Lynch, WSBA #17462
    601 W. Riverside Avenue, Suite 1400
    Spokane, WA 99201
    Phone: (509) 324-9256
    Email: chris@leehayes.com

REPLY IN SUPPORT OF DEFENDANT'S
MOTION TO COMPEL - 12

# EXHIBIT DD

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

HONORABLE THOMAS O. RICE

J. CHRISTOPHER LYNCH, WSBA #17462
JEFFREY R. SMITH, WSBA #37460
RHETT V. BARNEY, WSBA #44764
LEE & HAYES, PLLC
601 W. Riverside Avenue, Suite 1400
Spokane, WA  99201
Phone: (509) 324-9256
Fax: (509) 323-8979
Emails: chris@leehayes.com
         jeffreys@leehayes.com
         rhettb@leehayes.com

*Counsel for Defendant Ryan Lamberson*

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON**

| ELF-MAN, LLC, | No. 2:13-CV-00395-TOR |
|---|---|
| Plaintiff, | |
| vs. | DECLARATION OF JEFFREY R. SMITH IN SUPPORT OF DEFENDANT'S REPLY ON MOTION TO COMPEL DISCOVERY OR FOR ISSUANCE OF LETTERS OF REQUEST |
| RYAN LAMBERSON, | |
| Defendant. | |

I, Jeffrey R. Smith, declare as follows:

1.    I am over 18 years of age and am competent to testify.  I make this declaration based on my own personal knowledge.  I am one of the attorneys for Defendant, Ryan Lamberson (hereinafter, "Mr. Lamberson").

DECLARATION OF
JEFFREY R. SMITH - 1

2.      Attached as Exhibit A is my email to Ms. VanderMay dated May 14, 2014, explaining that German nationals cannot be lawfully deposed by telephone from Germany.  The email asks for assistance in case we had missed some aspect of the law, and imploring plaintiff to provide an explanation how such a deposition could lawfully be held.  There has been no substantive reply to this inquiry.

3.      Attached as Exhibit B is Ms. VanderMay's letter dated April 30, 2014, which was received via email on May 2, 2014 (filed under seal.)

4.      Attached as Exhibit C is a copy of the current South Dakota Secretary of State website page for Crystal Bay Corporation, showing its current status as "delinquent."

5.      Attached as Exhibit D is a copy of the South Dakota Secretary of State website for the registered agent for Crystal Bay Corporation, identified as Dakota Agent Services, LLC, and incorporated on January 23, 2012 by David DeLoach, who also was the incorporator for Crystal Bay Corporation.  Mr. DeLoach is a disbarred California attorney who now specializes in creating "anonymous" "shelf" corporations.  Attached as Exhibit E is a copy of the website advertisements from Mr. DeLaoch's website regarding his incorporation services for South Dakota, with "full anonymity to the public."  Attached as Exhibit F is a

DECLARATION OF
JEFFREY R. SMITH - 2

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington  99201
Telephone: (509)324-9256 Fax: (509)323-8979
Exhibit DD - 2

copy of the California Bar association website showing Mr. DeLoach's status as disbarred.

6.     Note that Crystal Bay Corporation and Dakota Agent Services, LLC both share the same listed address of 110 E Center St, Ste 2053, Madison, SD 57042. That address belongs to a mail forwarding company, MyDakotaAddress.com, who when called does not have any contact information for Crystal Bay Corporation, nor for its registered agent Dakota Agent Services, LLC. It does not appear Crystal Bay Corporation is in compliance with South Dakota Corporate law as to the existence of a headquarters address housing its operative documents (SDCL 47-1A-202,1601.1), and it does not appear that Dakota Agent Services, LLC is in compliance with South Dakota law requiring registered agents to have an actual address for service on a person (SDCL 59-11-5,7).

7.     Plaintiff's Initial Disclosures are attached as Exhibit G.  These show Messrs Patzer and Macek as purportedly having identical addresses in Stuttgart, Germany.  Our investigation shows the identified address as an office building that offers mail drop services and short term office rents, even by the hour.

8.     Attached as Exhibit H are Initial Disclosures submitted by a bittorrent plaintiff in *Malibu Media v. Hinds, et al.,* S.D. In. Case No. 1:12-cv-01117-WTL-

DECLARATION OF
JEFFREY R. SMITH - 3

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington  99201
Telephone: (509)324-9256 Fax: (509)323-8979

Exhibit DD - 3

DML, dated May 2, 2014.  These Initial Disclosures also identify Mr. Patzer as a witness, but list his address not in Stuttgart, Germany, but as "Flat 9, Queens Mansions, 1A Queens Gardens, BN21 3EG Eastbourne, United Kingdom."

9.     Attached as Exhibit I is correspondence from my law firm to plaintiff's counsel asking for an explanation as to the true address of Mr. Patzer, and whether it is in Germany or the U.K.  No substantive response has been received.

10.    I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

DATED this 20th day of May, 2014, in Spokane, Washington.

LEE & HAYES, PLLC


By: *s/ Jeffrey R. Smith*
J. Christopher Lynch, WSBA #17462
Jeffrey R. Smith, WSBA #37460
Rhett V. Barney, WSBA #44764
601 W. Riverside Avenue, Suite 1400
Spokane, WA 99201
Phone: (509) 324-9256
Fax: (509) 323-8979
Emails:     chris@leehayes.com
            jeffreys@leehayes.com
            rhettb@leehayes.com

*Counsel for Defendant Ryan Lamberson*

DECLARATION OF
JEFFREY R. SMITH - 4

1

## CERTIFICATE OF SERVICE

2

3

I hereby certify that on the 20th day of May, 2014, I caused to be

4

electronically filed the foregoing with the Clerk of the Court using the CM/ECF

5

system which will send notification of such filing to the following:

6

Maureen C. VanderMay          efile@vandermaylawfirm.com

7

8

9

LEE & HAYES, PLLC

10

By: *s/ Jeffrey R. Smith*

11

J. Christopher Lynch, WSBA #17462
601 W. Riverside Avenue, Suite 1400

12

Spokane, WA 99201
Phone: (509) 324-9256

13

Email: chris@leehayes.com

14

15

16

17

18

19

20

21

22

23

24

25

26

DECLARATION OF
JEFFREY R. SMITH - 5

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington  99201
Telephone: (509)324-9256 Fax: (509)323-8979
Exhibit DD - 5

# EXHIBIT A

Exhibits to Declaration of Jeffrey Smith
in Support of Reply on Motion to Compel
Page 1

Exhibit DD - 6

| | |
|---|---|
| **From:** | Jeffrey Smith |
| **To:** | elfmanwa@vandermaylawfirm.com |
| **Cc:** | Chris Lynch ; Rhett Barney ; Lauren Van Winkle ; Julie Sampson |
| **Subject:** | German Depositions |
| **Date:** | Wednesday, May 14, 2014 3:59:54 PM |
| **Importance:** | High |

Hi Maureen:

Thank you for your response to our Motion to Compel.

Bilateral agreements between Germany and the United States <u>require</u> that the German Ministry of Justice pre-approve <u>all</u> requests for depositions. Depositions taken <u>without the prior approval of the German Ministry of Justice and/or without the involvement of the United States Mission to Germany are unauthorized and may lead to **criminal penalties against the participants**</u>. In addition, the German Ministry of Justice <u>requires</u> that <u>all depositions take place on U.S. Consulate grounds</u> and that <u>the oaths be administered by a U.S. Consul</u>.  Further, in the U.S. Consulate conference rooms there are no facilities for internet or speaker phones, and computers and cell phones are not permitted. See, "Depositions at the U.S. Consulate General Frankfurt AM Main, Germany" at:
http://germany.usembassy.gov/uploads/42/55/42551212acea229a26dd70dfc952b1f1/2011depositioninformation.pdfYour

Hence, it seems your citation to FRCP 28(b)(1)(C) is incongruent to your suggested remedy for conducting the depositions of Macek and Patzer.  The pertinent part of your citation is "**In General**.  A deposition may be taken in a foreign country… on notice, before a person authorized to administer oaths either by federal law or **by the law in the place of examination**." (emphasis added).  In general, we agree that a telephonic deposition may seem like a reasonable solution.  However, because of the laws of Germany, a telephonic deposition of German citizens cannot take place.  We have not "rejected your suggestion of a telephonic hearing of Macek and Patzer out of hand" as noted in your declaration.  Our research has demonstrated that it is *illegal* to conduct it according to your suggestion. Germany is perhaps the most difficult country in the EU to conduct a foreign deposition. Because the laws of Germany take precedence, it does not matter if the parties are willing to stipulate to a telephonic deposition outside of the U.S. Consulate grounds with an oath delivered by a person authorized to administer oaths.  The German laws are very strict and must be explicitly followed.  If you have other information to the contrary, as to telephonic depositions of German citizens in Germany, please let me know.  Assuming you can provide this information, when would the witnesses be available?  We would like to schedule this the week or two following the 30b6, so the week of June 23 or June 30, if any times in those weeks work.

Thanks.

Jeff

**Jeffrey R. Smith, Esq.** | **Lee & Hayes**
Corporate Practice Group
Litigation Practice Group
jeffreys@leehayes.com

**P** 509.944.4786 | **F** 509.323.8979
601 West Riverside Avenue, Suite 1400 | Spokane, Washington 99201

Follow us! Twitter // Linked In | www.leehayes.com

NOTE: This email and any attachments contain information from the law firm of Lee & Hayes, pllc, that is confidential and/or subject to the attorney-client privilege. If you are not the intended recipient of this message, please do not read it or disclose it to others. Instead, please delete it and notify the sender immediately.

**IRS Circular 230 Disclosure:**  To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice contained in this communication, unless expressly stated otherwise, was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any tax-related matter(s) addressed herein.

Exhibits to Declaration of Jeffrey Smith
in Support of Reply on Motion to Compel
Page 2

Exhibit DD - 7

Exhibit B refers to confidential material and has been filed separately under seal.

It consists of pages 3 - 5 of the Exhibits to the Declaration of Jeffrey Smith

# EXHIBIT B

# EXHIBIT C

Exhibits to Declaration of Jeffrey Smith
in Support of Reply on Motion to Compel
Page 6

Exhibit DD - 9

Entity Detail        File Annual Report        Statement of Change        Forms

| | |
|---|---|
| Name | **CRYSTAL BAY CORPORATION** |
| Corporate ID | **DB056782** |
| Incorporation/Qualification Date | **3/28/2012** |

| | |
|---|---|
| Home State | **SOUTH DAKOTA** |
| Status | **Delinquent** |
| Last Annual Report | **2013** |
| Corporation Type | **Domestic Business** |
| Stock Info | **1,000,000** |

Registered Agent        Documents        Officers

**Registered Agent Name & Address**

DAKOTA AGENT SERVICES, LLC
110 E CENTER ST SUITE 2053
MADISON, SD 57042

Exhibits to Declaration of Jeffrey Smith
in Support of Reply on Motion to Compel
Page 7                                                        Exhibit DD - 10

https://sos.sd.gov/business/Documents.aspx?cid=DB056782                    5/20/2014

388 2631 03/30/2012

Receipt Number:  32212

File Number   **DB056782**

\* D B 0 5 6 7 8 2 \*



\* A R T I C L E S   O F   I N C O R P O R A T I O N \*

**ARTICLES_OF_INCORPORATION**

For

**CRYSTAL BAY CORPORATION**

Filed at the request of:

**CORP 95**
**32565B GOLDEN LANTERN STE 140**
**DANA POINT  CA  92629**

*State of South Dakota*
*Office of the Secretary of State*

Filed in the office of the Secretary of State on: **Wednesday, March 28, 2012**

Secretary of State

Fee Received:     $150.00

Exhibits to Declaration of Jeffrey Smith
in Support of Reply on Motion to Compel
Page 8

388 2632 03/30/2012

# State of South Dakota



## OFFICE OF THE SECRETARY OF STATE

## Certificate of Incorporation

## Business Corporation

### ORGANIZATIONAL ID #: DB056782

I, **Jason M. Gant**, Secretary of State of the State of South Dakota, hereby certify that the Articles of Incorporation of **CRYSTAL BAY CORPORATION** duly signed and verified, pursuant to the provisions of the South Dakota Business Corporation Act, have been received in this office and are found to conform to law.

**ACCORDINGLY,** and by virtue of the authority vested in me by law, I hereby issue this Certificate of Incorporation and attach hereto a duplicate of the Articles of Incorporation.

IN TESTIMONY WHEREOF, I have hereunto set my hand and caused to be affixed the Great Seal of the State of South Dakota, in Pierre, the Capital City, this March 28, 2012.



*Jason Gant*

**Jason M. Gant**
**Secretary of State**

IncorpCertBusiness Merge

Litho in U.S.A.

Secretary of State Office
500 E Capitol Ave
Pierre, SD  57501
(605)773-4845

# ARTICLES OF INCORPORATION
## DOMESTIC BUSINESS CORPORATION

Please Type or Print Clearly in Ink

Please submit one **Original** and one **Photocopy**

**FILING FEE: $150** payable to SECRETARY OF STATE

Filed this _2_ 4th_ day of _March, 2012_

_Jason Gant_

SECRETARY OF STATE

**RECEIVED**

MAR 2 8 2012

S.D. SEC. OF STATE

| | |
|---|---|
| Telephone # | (949) 487-2436 |
| FAX # | (949) 218-4176 |

# Required Articles

## Article I

The name of the corporation is   CRYSTAL BAY CORPORATION

Note:  The name must include the term corporation, incorporated, company, limited or the applicable abbreviation.

## Article II

The number of shares the corporation is authorized to issue  1,000,000

## Article III

The address of the principal executive office in or out of the State of South Dakota.

| 110 E. CENTER ST. STE 2053 | MADISON | SD | 57042 |
|---|---|---|---|
| Street Address | City | State | ZIP+4 |
| | | | |
| Mailing Address (Optional) | City | State | ZIP+4 |

## Article IV

The South Dakota Registered Agent name  DAKOTA AGENT SERVICES, LLC

| 110 E CENTER ST. STE. 2053 | MADISON | SD | 57042 |
|---|---|---|---|
| Street Address or Rural Route Box Number in This State and | City | State | ZIP+4 |
| | | | |
| Mailing Address in This State, if Different from Street Address | City | State | ZIP+4 |

When listing a Commercial Registered Agent, please state their CRA #.
This number can be obtained from the Commercial Registered Agent.     CR000037

Exhibits to Declaration of Jeffrey Smith
in Support of Reply on Motion to Compel
Page 10

Exhibit DD - 13

# Article V

The name and address of each incorporator (one or more persons – person includes an individual or entity)

| DAVID DELOACH | 32565B GOLDEN LANTERN ST STE 140 | DANA POINT | CA | 92629 |
|---|---|---|---|---|
| Incorporator | Street Address | City | State | ZIP+4 |
| Incorporator | Street Address | City | State | ZIP+4 |
| Incorporator | Street Address | City | State | ZIP+4 |
| Incorporator | Street Address | City | State | ZIP+4 |
| Incorporator | Street Address | City | State | ZIP+4 |

This document must be executed by the chair of the board of directors, by its president, or by another of its officers. If directors have not been selected or the corporation has not been formed, an incorporator may execute the document.

Dated 03/27/2012

(Signature of an authorized officer)

DAVID DELOACH
(Printed Name)

INCORPORATOR
(Title)

# Optional Provisions

**Any of the optional articles may be added by attachment.**

The names and addresses of the individuals who are to serve as the initial directors

(1) Provisions not inconsistent with law regarding:

    (a) The purpose or purposes for which the corporation is organized;
    (b) Managing the business and regulating the affairs of the corporation;
    (c) Defining, limiting, and regulating the powers of the corporation, its board of directors and shareholders;
    (d) A par value for authorized shares or classes of shares; and
    (e) The imposition of personal liability on shareholders for the debts of the corporation to a specified extent and upon specified conditions;

(2) Any provision that under this chapter is required or permitted to be set forth in the bylaws;

(3) A provision eliminating or limiting the liability of a director to the corporation or its shareholders for money damages for any action taken, or any failure to take any action, as a director, except liability for the amount of a financial benefit received by a director to which the director is not entitled; an intentional infliction of harm on the corporation or the shareholders; a violation of SDCL 47-1A-833; or an intentional violation of criminal law;

(4) A provision permitting or making obligatory indemnification of a director for liability, as defined in subdivision 47-1A-850(5), to any person for any action taken, or any failure to take any action, as a director, except liability for receipt of a financial benefit to which the director is not entitled; an intentional infliction of harm on the corporation or its shareholders; a violation of 47-1A-833.1; or an intentional violation of criminal law; and

(5) Any provision limited or denying preemptive rights to acquire additional or treasury shares of the corporation.

Exhibits to Declaration of Jeffrey Smith
in Support of Reply on Motion to Compel
Page 11

Exhibit DD - 14

# EXHIBIT D

Exhibits to Declaration of Jeffrey Smith
in Support of Reply on Motion to Compel
Page 12

Exhibit DD - 15

Entity Detail          File Annual Report          Statement of Change          Forms

| | |
|---|---|
| Name | **DAKOTA AGENT SERVICES, LLC** <u>Obtain a Certificate of Good Standing</u> |
| Corporate ID | **DL026963** |
| Incorporation/Qualification Date | **1/23/2012** |
| | |
| Home State | **SOUTH DAKOTA** |
| Status | **Good Standing** |
| Last Annual Report | **2014** |
| Corporation Type | **Domestic LLC** |
| Stock Info | |

Registered Agent          Documents          Officers

**Registered Agent Name & Address**
PACIFIC REGISTERED AGENTS, INC.
400 WEST APPLE STREET
TEA, SD 570642066

387 0386 02/02/2012

Receipt Number: _17418_

File Number    **DL026963**



\* D L 0 2 6 9 6 3 \*



\* A R T I C L E S   O F   O R G A N I Z A T I O N \*

ARTICLES_OF_ORGANIZATION

For

**DAKOTA AGENT SERVICES, LLC**

Filed at the request of:

CORP 95
32565B GOLDEN LANTERN STE 140
DANA POINT  CA  92629

*State of South Dakota*
*Office of the Secretary of State*

Filed in the office of the Secretary of State on: **Monday, January 23, 2012**

Secretary of State

Fee Received:    $150.00

Exhibits to Declaration of Jeffrey Smith
in Support of Reply on Motion to Compel
Page 14

Exhibit DD - 17

# State of South Dakota



## OFFICE OF THE SECRETARY OF STATE

# Certificate of Organization
# Limited Liability Company

### ORGANIZATIONAL ID #: DL026963

I, Jason M. Gant, Secretary of State of the State of South Dakota, hereby certify that the Articles of Organization of **DAKOTA AGENT SERVICES, LLC** duly signed and verified, pursuant to the provisions of the South Dakota Limited Liability Company Act, have been received in this office and are found to conform to law.

**ACCORDINGLY** and by virtue of the authority vested in me by law, I hereby issue this Certificate of Organization and attach hereto a duplicate of the Articles of Organization.



IN TESTIMONY WHEREOF, I have hereunto set my hand and caused to be affixed the Great Seal of the State of South Dakota, in Pierre, the Capital City, this January 23, 2012.

**Jason M. Gant**
**Secretary of State**

Cert of Organization LLC Merge

Litho in U.S.A.

Secretary of State Office
500 E Capitol Ave
Pierre, SD  57501
(605)773-4845

# ARTICLES OF ORGANIZATION
## DOMESTIC LIMITED LIABILITY COMPANY

**Please Type or Print Clearly in Ink**

**Please submit one Original and one Photocopy**

**FILING FEE: $150** payable to SECRETARY OF STATE

**RECEIVED**

**JAN 2 3 2012**

**S.D. SEC. OF STATE**

Telephone #   (949) 487-2436

FAX #   (949) 218-4176

Filed this _____ day of _____, 2012

_____
SECRETARY OF STATE

## Article I

The name of the company is   DAKOTA AGENT SERVICES, LLC

The name must contain limited liability company, limited company or the abbreviation L.L.C., LLC, L.C. or LC.  Limited may be abbreviated as Ltd.
and company may be abbreviated as Co.

## Article II

The duration of the company if other than perpetual is _____

## Article III

The address of the initial designated office in or out of the State of South Dakota where the company conducts its
business.

| | | | |
|---|---|---|---|
| 400 West Apple St. | Tea | SD | 57064 |
| Street Address | City | State | ZIP+4 |
| c/o CORP 95, 32565B Golden Lantern St., Ste 140 | Dana Point | CA | 92629 |
| Mailing Address (Optional) | City | State | ZIP+4 |

## Article IV

The South Dakota Registered Agent name   PACIFIC REGISTERED AGENTS, INC.

| | | | |
|---|---|---|---|
| 400 West Apple St. | Tea | SD | 57064 |
| Street Address or Rural Route Number in This State and | City | State | ZIP+4 |
| | | | |
| Mailing Address in This State, if Different from Street Address | City | State | ZIP+4 |

When listing a Commercial Registered Agent, please state their CRA #.
This number can be obtained from the Commercial Registered Agent.   CR000009

Exhibits to Declaration of Jeffrey Smith
in Support of Reply on Motion to Compel
Page 16

Exhibit DD - 19

## Article V

The name and address of each organizer

| | | | | |
|---|---|---|---|---|
| David DeLoach | 32565B Golden Lantern St Ste 140 | Dana Point | CA | 92629 |
| Name | Street Address | City | State | ZIP+4 |

| | | | | |
|---|---|---|---|---|
| Name | Street Address | City | State | ZIP+4 |

| | | | | |
|---|---|---|---|---|
| Name | Street Address | City | State | ZIP+4 |

| | | | | |
|---|---|---|---|---|
| Name | Street Address | City | State | ZIP+4 |

## Article VI

Check one:

☑ The company will be member managed.

☐ The company will be manager managed.

If this company is to be manager managed, please state the name and address of each initial manager.

| | | | | |
|---|---|---|---|---|
| Manager | Street Address | City | State | ZIP+4 |

| | | | | |
|---|---|---|---|---|
| Manager | Street Address | City | State | ZIP+4 |

| | | | | |
|---|---|---|---|---|
| Manager | Street Address | City | State | ZIP+4 |

## Article VII

Whether one or more of the members of the company are to be liable for its debts and obligations as set forth under SDCL 47-34A-303 (c).

No member will be liable for the debts and/or obligations of the company.

Exhibits to Declaration of Jeffrey Smith
in Support of Reply on Motion to Compel
Page 17

Exhibit DD - 20

# Article VIII

Any other provisions not inconsistent with law, which the members elect to set out in the articles of organization.

The Articles of Organization must be executed by the organizers.

Dated  01/17/2012

_____
(Signature of an organizer)

David DeLoach
_____
(Printed Name)

Organizer
_____
(Title)

Dated _____

_____
(Signature of an organizer)

_____
(Printed Name)

_____
(Title)

Dated _____

_____
(Signature of an organizer)

_____
(Printed Name)

_____
(Title)

Dated _____

_____
(Signature of an organizer)

_____
(Printed Name)

_____
(Title)

Articlesoforganization January 2011

Exhibits to Declaration of Jeffrey Smith
in Support of Reply on Motion to Compel
Page 18

Exhibit DD - 21

# EXHIBIT E

Exhibits to Declaration of Jeffrey Smith
in Support of Reply on Motion to Compel
Page 19

Exhibit DD - 22





Did you know that a Nevada corporation or LLC pays no state income taxes? There is no sharing agreement with the IRS. Nevada is the ideal climate for asset protection and headquartering your business. You can form a Nevada LLC or corporation and set up banking without actually going to Nevada. Let us show you how inexpensive a Nevada LLC or corporation can be. Please call us for any assistance or click for more details and pricing starting at $69 plus state filing fee.



Anonymous entity where **your name is not on any public document**! These companies already exist and are complete with Articles, and registered agents. We have formed these entities ourselves and offer Nevada and Wyoming LLCs and corporations that are guaranteed free of tax debt, bad credit history or litigation. They will be transferred to the buyer in good standing. You may have these complete companies *within one hour*! If you wish, we can change the names of the companies for only the filing fee. Pricing is listed after the name.

Click here to see a list of companies presently available.



Wyoming corporations and LLCs have a tax haven within the United States with no income taxation and anonymous ownership.  The annual upkeep costs less and you can issue as many shares as you want with no extra filing fee. We can help you set up banking for your Wyoming LLC or Wyoming corporation from your home state. Did you know that Wyoming invented the LLC? Numerous European companies as well as US companies have used the State of Wyoming for their Wyoming LLCs as well as for corporations. If you call we can tell you all of the similarities and differences between a Wyoming LLC and Nevada LLC. Click for details and pricing at $69 plus state filing fee. Please call us for any assistance or ideas.  **800-859-6696**

You would like to open a bank account in a bank convenient to you. However,most banks require that you register your new company as a foreign entity in your state. The result is that you have to pay taxes and annual fees even if you are not doing business there.

We have banks that will open your company bank account **over the phone** and will NOT require that you register your company as a foreign entity in your state but you may still use your state branch for your banking needs. There is **no charge** for this service to our clients who purchase the deluxe, shelf or anonymous packages.

You will find that our competitors either charge as much as $400 for this service or do not offer it at all.

South Dakota is one of the best kept secrets in the corporate formation world.  The state has NO corporate income or franchise taxes.  Their annual fees are minimal ($50 per year) and they allow for the most privacy of ownership than in any other state. South Dakota is a low key environment and does not require



Exhibits to Declaration of Jeffrey Smith
in Support of Reply on Motion to Compel
Page 20

Exhibit DD - 23

http://www.corp95.com/                                5/16/2014



that its businesses maintain any physical presence in the State. Formation is fast and requires a minimum of personal information. You will pay no more and sometimes less than some of those states that claim to offer privacy but do not actually do so. Why form your company in a state that claims to have no taxes, but then charges high fees to compensate for this. South Dakota truly does offer the most privacy at a very reasonable ongoing fee. Call us at **800-859-6696** and let us provide you with the details for formation of your business entity in this friendly state

Convenient banking is vital to your business. Don't look just for the cheapest pricing when shopping. You may not be getting what you need!

Call for further information at **800-859-6696**. We can give you further details.



The state of Delaware has long been the premier state for the formation of corporations. Its Court of Chancery (the court for corporate litigation) was established in 1792 and, to date, there are more than 400,000 companies established in the state. Over 60% of the Fortune 500 companies have established their charters in Delaware because of its favorable business climate and extensive history in solving the litigation issues common to corporations. The reputation of Delaware is such that having your company formed there provides you with the prestige and appearance that cannot be obtained anywhere else. You may form your entity in 24 hours and with a minimum of disclosed information. Although there are some minimum franchise fees to be paid, these generally amount to no more than the upkeep costs for officer lists, franchise taxes, etc. charged by other jurisdictions and are often less.

You can own your own company in the U.S. and can open and sign on a U.S. bank account on behalf of your company without a social security number.

Call and tell us you are Canadian and we will provide a specialist.

Copyright © 2011-2014 Corp 95. All rights reserved.
Email. : service@corp95.com  |  Phone. : 800-859-6696



Exhibits to Declaration of Jeffrey Smith
in Support of Reply on Motion to Compel
Page 21



Home   Pricing   Shelf   Order   Corporate Kit   Contact   About   Library

## South Dakota Entities

### South Dakota Corporation and LLC Packages

#### Anonymous Package

- Articles of Incorporation or Organization for LLC
- State filing fee
- Charter for Corporation or LLC
- Resident Agent (one year)
- South Dakota Bank Account Setup
- EIN ID number from IRS
- Shipping and handling
- CD Rom with 60 forms NEW!
- Nominee officers on all documents

### $999

#### Ready to form a South Dakota corporation or South Dakota LLC?

South Dakota is a state that prides itself in not taxing the income of its businesses nor charging them franchise fees for the privilege of forming a business entity in their state.  Further, there are no additional fees placed upon corporations for the number of shares authorized. Personal information of the owners and officers is held to a minimum or is not required at all in some cases.  You can be anonymous in this state for the public record and can be comfortable knowing that members of the public will not be able to determine your connection to your business entity.

All of this is in contrast to some states whose claims of anonymity result in a requirement that you maintain the owners' or officers' identities, addresses and telephone numbers to be produced upon demand by some government official.  We believe that you will like what you know about South Dakota.  Please give us a call at 800-859-6696 to discuss more details..

#### Deluxe Package

- Articles of Incorporation or Organization for LLC
- State filing fee
- Charter for Corporation or LLC
- Resident Agent (one year)
- South Dakota Bank Account Setup
- EIN ID number from IRS
- Shipping and handling
- CD Rom with 60 forms NEW!

### $599

**The South Dakota Corporation or LLC kit (value $99) is free with the purchase of the above 2 packages**

#### Essentials Package

- Articles of Incorporation or Organization for LLC
- State filing fee
- Resident agent
- Shipping and handling

### $330

Copyright © 2011-2014 Corp 95. All rights reserved.

Email. : service@corp95.com  |  Phone. : 800-859-6696

Corp95

Exhibits to Declaration of Jeffrey Smith
in Support of Reply on Motion to Compel
Page 22

Exhibit DD - 25



- Articles of Incorporation or Organization for LLC
- State filing fee
- Charter for Corporation or LLC
- Resident Agent (one year)
- South Dakota Bank Account Setup
- EIN ID number from IRS
- Shipping and handling
- CD Rom with 60 forms NEW!
- Nominee officers on all documents

South Dakota is a state that prides itself in not taxing the income of its businesses nor charging them franchise fees for the privilege of forming a business entity in their state.  Further, there are no additional fees placed upon corporations for the number of shares authorized. Personal information of the owners and officers is held to a minimum or is not required at all in some cases.  You can be anonymous in this state for the public record and can be comfortable knowing that members of the public will not be able to determine your connection to your business entity.

All of this is in contrast to some states whose claims of anonymity result in a requirement that you maintain the owners' or officers' identities, addresses and telephone numbers to be produced upon demand by some government official.  We believe that you will like what you know about South Dakota.  Please give us a call at 800-859-6696 to discuss more details..

- Articles of Incorporation or Organization for LLC
- State filing fee
- Charter for Corporation or LLC
- Resident Agent (one year)
- South Dakota Bank Account Setup
- EIN ID number from IRS
- Shipping and handling
- CD Rom with 60 forms NEW!

**The South Dakota Corporation or LLC kit (value $99) is free with the purchase of the above 2 packages**

- Articles of Incorporation or Organization for LLC
- State filing fee
- Resident agent
- Shipping and handling

Copyright © 2011-2014 Corp 95. All rights reserved.
Email. : service@corp95.com | Phone. : 800-859-6696

Corp95

Exhibits to Declaration of Jeffrey Smith
in Support of Reply on Motion to Compel
Page 23

Exhibit DD - 26

# EXHIBIT F

Exhibits to Declaration of Jeffrey Smith
in Support of Reply on Motion to Compel
Page 24

Exhibit DD - 27

THE STATE BAR OF CALIFORNIA

Friday, May 16, 2014

## ATTORNEY SEARCH

### David L DeLoach - #33356

### Current Status:  Disbarred

**This member is prohibited from practicing law in California by order of the California Supreme Court.**

See below for more details.

### Profile Information

*The following information is from the official records of The State Bar of California.*

| | | | |
|---|---|---|---|
| **Bar Number:** | 33356 | | |
| **Address:** | 32782 Matthew Dr Dana Point, CA 92629 | **Phone Number:** | (949) 487-1965 |
| | | **Fax Number:** | Not Available |
| | | **e-mail:** | Not Available |
| **County:** | Orange | **Undergraduate School:** | No Information Available; |
| **District:** | District 4 | | |
| **Sections:** | None | **Law School:** | Southwestern Univ SOL; Los Angeles CA |

### Status History

| Effective Date | Status Change |
|---|---|
| Present | Disbarred |
| 1/10/1963 | Admitted to The State Bar of California |

Explanation of member status

### Actions Affecting Eligibility to Practice Law

| Effective Date | Description | Case Number | Resulting Status |
|---|---|---|---|
| **Disciplinary and Related Actions** | | | |

Overview of the attorney discipline system.

| | | | |
|---|---|---|---|
| 10/15/1974 | Disbarment | | Disbarred |
| 8/2/1974 | Interim suspension after conviction | | |

**Administrative Actions**

| | |
|---|---|
| 10/18/1973 | Suspended, failed to pay Bar membr. fees |
| 11/16/1972 | Suspended, failed to pay Bar membr. fees |

Copies of official attorney discipline records are available upon request.

Explanation of common actions

Exhibits to Declaration of Jeffrey Smith
in Support of Reply on Motion to Compel
Page 25

Exhibit DD - 28

Start New Search »

Contact Us  |  Site Map  |  Privacy Policy  |  Notices  |  Copyright  |  Accessibility  |  FAQ

Copyright © 2014, The State Bar of California

Exhibits to Declaration of Jeffrey Smith
in Support of Reply on Motion to Compel
Page 26

Exhibit DD - 29

http://members.calbar.ca.gov/fal/Member/Detail/33356                    5/16/2014

# EXHIBIT G

Exhibits to Declaration of Jeffrey Smith
in Support of Reply on Motion to Compel
Page 27

1  Maureen C. VanderMay, WSBA No. 16742
   The VanderMay Law Firm PC
2  2021 S. Jones Blvd.
   Las Vegas, Nevada 89146
3  (503) 588-8053

4

5

6                 UNITED STATES DISTRICT COURT

7               EASTERN DISTRICT OF WASHINGTON

8

9  ELF-MAN, LLC,                    )    Case No.: 2:13-CV-00395-TOR
                                    )
10         Plaintiff,               )    PLAINTIFF'S FRCP 26(a) INITIAL
                                    )    DISCLOSURES
11  v.                              )
                                    )
12  RYAN LAMBERSON,                 )
                                    )
13         Defendant.               )
   _____ )

14
        Without waiving any work product protection or other privilege, in good
15
   faith plaintiff, by its undersigned counsel, hereby discloses the following items
16
   pursuant to Rule 26(a) of the Federal Rules of Civil Procedure.  Plaintiff reserves
17
   the right to supplement these disclosures and agrees to do so in good faith as may
18
   be proper.
19

20
   **(i) the name and, if known, the address and telephone number of each**
21
   **individual likely to have discoverable information — along with the subjects of**
22
   **that information — that the disclosing party may use to support its claims or**
23
   **defenses, unless the use would be solely for impeachment;**
24
   / / / /
25
   / / / /
26

27  PLAINTIFF'S FRCP 26(a) INITIAL
28  DISCLOSURES - Page 1

Exhibits to Declaration of Jeffrey Smith
in Support of Reply on Motion to Compel
Page 28                                                    Exhibit DD - 31

1  Kurt Uebersax

2

3       7820B Wormans Mill Rd., Frederick, MD 21701. As a principal, Mr.

4  Uebersax is represented by and may be reached through counsel of record in this

5  case.

6

7       Kurt Uebersax is a principal of Elf Man, LLC , COO of Wiseacre Films, and

8  knowledgeable about aspects related to the production of plaintiff's motion picture,

9  damages and records and things associated with plaintiff's motion picture.

10

11 Richard Jefferies

12

13      7820B Wormans Mill Rd., Frederick, MD 21701. As a principal, Mr.

14 Jefferies is represented by and may be reached through counsel of record in this

15 case.

16

17      Richard Jefferies is a principal of Elf Man, LLC, CEO of Wiseacre Films,

18 and knowledgeable about aspects related to the production of plaintiff's motion

19 picture, damages and records and things associated with plaintiff's motion picture.

20

21 Daniel Macek

22

23      Heilbronnerstr. 150, 70191 Stuttgart, Germany. Tel:  +49 (0) 721-

24 977-95-73.  May be reached through counsel of record in this case.

25

26      Daniel Macek is plaintiff's primary investigator who oversaw the direct

27 PLAINTIFF'S FRCP 26(a) INITIAL
28 DISCLOSURES - Page 2

Exhibits to Declaration of Jeffrey Smith
in Support of Reply on Motion to Compel
Page 29

Exhibit DD - 32

1  peer-to-peer connection with defendant's IP address and confirmed the distribution

2  of plaintiff's motion picture through defendant's IP address and is knowledgeable

3  about associated records and activity observed.

4

5  Michael Patzer

6

7      Heilbronnerstr. 150, 70191 Stuttgart, Germany. Tel: +49 (0) 7247-4056-199.

8  May be reached through counsel of record in this case.

9

10      Michael Patzer is an author of software used by plaintiff's investigator and is

11  knowledgeable about peer-to-peer file exchanges and the veracity of plaintiff's

12  investigations.

13

14  Ryan Lamberson

15

16      Defendant, may contacted through defendant's counsel.

17

18      It is anticipated that Ryan Lamberson will provide testimony related to the

19  claims of plaintiffs and the defenses raised.

20

21  Unknown Lamberson Household Members

22

23      It is anticipated additional evidence and testimony will be available and

24  provided by currently unknown members of the Lamberson household.

25

26  / / / /

27  PLAINTIFF'S FRCP 26(a) INITIAL

28  DISCLOSURES - Page 3

Exhibits to Declaration of Jeffrey Smith
in Support of Reply on Motion to Compel
Page 30

Exhibit DD - 33

1 | //// 

2 | Further Parties

3 |

4 | As discovery develops, including possible forensic analysis of defendant's

5 | computers, it is anticipated that plaintiff will supplement this disclosure.

6 |

7 | **(ii) a copy — or a description by category and location — of all documents,**

8 | **electronically stored information, and tangible things that the disclosing party**

9 | **has in its possession, custody, or control and may use to support its claims or**

10 | **defenses, unless the use would be solely for impeachment;**

11 |

12 | Plaintiff is in possession or control of the following documents,

13 | electronically stored information, and/or tangible things:

14 | The torrent file used by the infringer to access the swarm at issue; a copy of

15 | the work being distributed by the infringer; packet capture (PCAP) files (the

16 | network traffic flowing between the monitoring system and source computer);

17 | investigator technical reports analyzing the PCAP files and swarm; and a

18 | time-stamped WORM / Write Once, Read Many tape of investigator collected data.

19 | These documents are largely digital in the "cloud" though the original physical

20 | WORM drive is located at:

21 |

22 | TelemaxX Telekommunikation GmbH

23 | Rechenzentrum Datacenter Karlsruhe

24 | Amalienbadstraße 41, 76227 Karlsruhe, Germany.

25 |

26 | ////

27 | PLAINTIFF'S FRCP 26(a) INITIAL

28 | DISCLOSURES - Page 4

Exhibits to Declaration of Jeffrey Smith
in Support of Reply on Motion to Compel
Page 31

Exhibit DD - 34

1 / / / /

2     Production of such documents to be facilitated by plaintiff's counsel on
3 request and established protocols.

4     Plaintiff's corporate records are generally available at corporate offices in
5 Los Angeles, CA, and Frederick, MD, though it is not anticipated such will be
6 needed in this case as plaintiff intends to seek statutory damages.

7     Additional records are on file and publicly available through the U.S.
8 Copyright Office, www.copyright.gov.

9     Plaintiff also anticipates such further expert reports and discovery as may
10 become available in this case.

11

12 **(iii) a computation of each category of damages claimed by the disclosing**
13 **party — who must also make available for inspection and copying as under**
14 **Rule 34 the documents or other evidentiary material, unless privileged or**
15 **protected from disclosure, on which each computation is based, including**
16 **materials bearing on the nature and extent of injuries suffered; and**

17

18     Plaintiff does not seek economic damages at this time.  Rather, it seeks
19 statutory damages pursuant to 17 U.S.C. § 504(c).  As such, plaintiff's damages are
20 not subject to computation at this time.

21     Plaintiff reserves the right to seek economic and compensatory damages
22 based on what may be learned through discovery and as the case develops.

23

24 **(iv) for inspection and copying as under Rule 34, any insurance agreement**
25 **under which an insurance business may be liable to satisfy all or part of a**
26 **possible judgment in the action or to indemnify or reimburse for payments**

27 PLAINTIFF'S FRCP 26(a) INITIAL
28 DISCLOSURES - Page 5

Exhibits to Declaration of Jeffrey Smith
in Support of Reply on Motion to Compel
Page 32

Exhibit DD - 35

1  made to satisfy the judgment.

2

3      Plaintiff is not aware of any such claims or policies.

4      DATED: December 16, 2013

5                              The VanderMay Law Firm

6

7                               s/ Maureen C. VanderMay
                                Maureen C. VanderMay, WSBA No. 16742
                                Email: elfmanwa@vandermaylawfirm.com
8                               2021 S Jones Blvd.
                                Las Vegas, Nevada 89146
9                               (702) 538-9300
                                Of Attorneys for Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27  PLAINTIFF'S FRCP 26(a) INITIAL
28  DISCLOSURES - Page 6

Exhibits to Declaration of Jeffrey Smith
in Support of Reply on Motion to Compel
Page 33

Exhibit DD - 36

# EXHIBIT H

Exhibits to Declaration of Jeffrey Smith
in Support of Reply on Motion to Compel
Page 34

Exhibit DD - 37

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT INDIANA

| | |
|---|---|
| MALIBU MEDIA, LLC, | ) |
| | ) |
| Plaintiff, | ) Civil Case No. <u>1:12-cv-01117-WTL-DML</u> |
| | ) |
| v. | ) |
| | ) |
| R. STEPHEN HINDS, TROY LAMB, | ) |
| MICHAEL HARRIS, ROBERT JOHNSON, | ) |
| MICHAEL HARRISON, JAMES DUNCAN, | ) |
| HOWARD MCDONALD, and JOHN DOE 10, | ) |
| | ) |
| Defendants. | ) |

---

## PLAINTIFF'S FED. R. CIV. P. 26(a) DISCLOSURES

**26(A)(i) –** the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

**RESPONSE:**

1.      Tobias Fieser.   Mr. Fieser is an employee of IPP International U.G., Hermannstraße 9, 20095 Hamburg, Deutschland.   Mr. Fieser verified that the infringement allegations in Plaintiff's pleadings were evidenced by computer records.  Plaintiff will not likely call Mr. Fieser as a witness at trial.

2.      Michael Patzer.  Mr. Patzer is an independent contractor working predominantly for Excipio GmbH, Karlstrasse 49, 76133 Karlruhe, Germany.  He is located at Flat 9, Queens Mansions, 1A Queens Gardens, BN21 3EG Eastbourne, United Kingdom.  Mr. Patzer designed, created, implemented and monitors the data collection system which recorded the infringing transactions.   He maintains and monitors the MySQL data base that logs the infringing

1

Exhibits to Declaration of Jeffrey Smith
in Support of Reply on Motion to Compel
Page 35

Exhibit DD - 38

transactions.  At trial, Mr. Patzer is expected to answer all of the questions necessary to lay the foundation for the introduction into evidence of the PCAP and MySQL log files as business records within the meaning of Fed.R.Evid. 803(6).  Further, Mr. Patzer is expected to answer all of the questions necessary to authenticate the PCAP and MySQL log files pursuant to Fed.R.Evid. 901(a).  Finally, Mr. Patzer will testify that the PCAPs are recordings of computer transactions during which a person using Defendant's IP Address sent pieces of the infringing computer files to the servers that he personally maintains and monitors.

3.      Mr. and Mrs. Brigham and Colette Field.  Mr. and Mrs. Brigham and Colette Field are the co-owners and managing members of Plaintiff.  They may be reached at 409 W. Olympic Blvd., Los Angeles, CA 90015.  Ms. Field possess information regarding the lawful distribution of the subject movies, ownership of the copyright and other information relevant to the case.

4.      Patrick Paige. Mr. Paige works for Computer Forensics, LLC, 1880 N. Congress Ave, Suite 333, Boynton Beach, FL 33426.  He is a computer forensics expert.  He tested the data collection system which recorded the infringement data in this matter.  Mr. Paige also is an expert on peer-to-peer file distribution systems including BitTorrent.  Mr. Paige will also likely examine Defendant's computers.

5.      Comcast Cable.  Possess information that correlates the Defendant to the IP address and Digital Millenium Copyright Act Notices.

6.      Defendant's Neighbors.  Possess information regarding their own internet accounts and whether they were authorized, had access to, or did use the Defendant's internet to infringe Plaintiff's copyrights via BitTorrent.

Exhibits to Declaration of Jeffrey Smith
in Support of Reply on Motion to Compel
Page 36

Exhibit DD - 39

7.      Residents and visitors in and to Defendant's household.    Possess information regarding whether he or she were authorized, had access to, or did use the Defendant's internet to infringe Plaintiff's copyrights via BitTorrent.

8.      Search engines and other BitTorrent scanning companies – Bing, Google, Ask Jeeves, Yahoo, Dogpile, MSN, etc. May possess relevant information.

**26(A)(ii)** – a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;

**RESPONSE:**

1.      Copyright registrations or applications – May be found online.

2.      ISP documents correlating the Defendant to the IP address – in undersigned's possession.

3.      Computer Data evidencing the TCP/ICP connection and the piece of the subject movies that were sent through BitTorent by Defendant – obtained from Excipio.

4.      Contracts between the ISP and Defendant – In ISP's and Defendant's possession.

5.      Original copies of the movie and copies as reassembled from the pieces sent by the peer infringers – Plaintiff and IPP Limited have original copies of the movies.   Copies reassembled by infringers may be obtained from Plaintiff through discovery.

**26(A)(iii)** – a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on

3

Exhibits to Declaration of Jeffrey Smith
in Support of Reply on Motion to Compel
Page 37

Exhibit DD - 40

which each computation is based, including materials bearing on the nature and extent of injuries suffered; and

**RESPONSE:**

Plaintiff seeks the minimum statutory damages, $750, per infringement.


**26(A)(iv)** – for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

**RESPONSE:**

There are no counter claims in this action that are covered by any insurance policy to which Plaintiff is the beneficiary.

Dated: May 2, 2014

<div style="margin-left:40%">

Respectfully submitted,

NICOLETTI LAW, PLC

By:   /s/ *Paul J. Nicoletti*
Paul J. Nicoletti, Esq. (P-44419)
33717 Woodward Ave, #433
Birmingham, MI 48009
Tel:  (248) 203-7800
E-Fax: (248) 928-7051
Email:  pauljnicoletti@gmail.com
*Attorneys for Plaintiff*

</div>

4

Exhibits to Declaration of Jeffrey Smith
in Support of Reply on Motion to Compel
Page 38

Exhibit DD - 41

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 2, 2014, a true and correct copy of the foregoing document was served via U.S. Mail and/or email to the following:

Gabriel J. Quearry, Esq.
QUEARRY LAW, LLC
386 Meridian Parke Lane, Suite A
Greenwood, Indiana 46142
E-mail: gq@quearrylaw.com
*Attorney for Defendant Michael Harrison*

By:     /s/ *Paul J. Nicoletti*

Exhibits to Declaration of Jeffrey Smith
in Support of Reply on Motion to Compel
Page 39

Exhibit DD - 42

# EXHIBIT I

Exhibits to Declaration of Jeffrey Smith
in Support of Reply on Motion to Compel
Page 40

Exhibit DD - 43

## Lauren Van Winkle

| | |
|---|---|
| **From:** | Chris Lynch |
| **Sent:** | Tuesday, May 20, 2014 8:02 AM |
| **To:** | Lauren Van Winkle |
| **Subject:** | FW: Joint Statement in Compliance with LR 37.1(b) |

---

**From:** Chris Lynch
**Sent:** Monday, May 19, 2014 11:00 AM
**To:** 'elfmanwa@vandermaylawfirm.com'
**Subject:** RE: Joint Statement in Compliance with LR 37.1(b)

Thank you.   We will include this in our joint report.

We are concerned even if we go forward with the letters rogatory.  It appears the identical street addresses we were given for Patzer and Macek are incorrect and are for a "mail drop" and "short term lease" facility and that neither witness resides at or works at that Stuttgart address. For example, Mr. Patzer is identified in Case No 1:12-cv-01117 in the SD IN on Initial Disclosures dated May 2014 as having the address of:   Flat 9, Queens Mansions, 1A Queens Gardens, BN21 3EG Eastbourne, United Kingdom.

Can you confirm that Stuttgart address you provided is even accurate?

---

**From:** elfmanwa@vandermaylawfirm.com [mailto:elfmanwa@vandermaylawfirm.com]
**Sent:** Monday, May 19, 2014 10:23 AM
**To:** Chris Lynch
**Subject:** RE: Joint Statement in Compliance with LR 37.1(b)


Chris:  per LR 37.1(b), the following is Plaintiff's portion of the joint statement:

Plaintiff's position is that the Court resolved the issues raised in Defendant's pending motion when it stated at the recent discovery conference that Defendant may start the process for letters rogatory.  In the event that the Court has not in fact ruled on Defendant's motion, Plaintiff opposes an order requiring it to bring Messrs. Patzer and Macek to Spokane for deposition at its expense.

Thank you,

Maureen



> Thank you.
>
>
From: elfmanwa@vandermaylawfirm.com
> [mailto:elfmanwa@vandermaylawfirm.com]
> Sent: Monday, May 19, 2014 9:56 AM
> To: Chris Lynch

Exhibits to Declaration of Jeffrey Smith
in Support of Reply on Motion to Compel
Page 41                                                        1                                        Exhibit DD - 44

> Subject: RE: Joint Statement in Compliance with LR 37.1(b)
>
>
> Chris: I was out of state on another matter for the latter part of last
> week. I will review your draft statement and get a response to you before
> 2:30 pm today. I will also forward a response to your letter from last
> week re: settlement later today.
>
> Maureen
>
>
>
>> Counsel: Please review and reply. If we do not have a statement of your
>> position by 3pm today, we will file our report with the Court and
>> indicate
>> that you chose not to present a position for the LR 37.1(b) Statement.
>> Thank you.
>>
>>
>
From: Chris Lynch
>> Sent: Friday, May 16, 2014 3:00 PM
>> To: 'elfmanwa@vandermaylawfirm.com'
>> Cc: Jeffrey Smith; Julie Sampson
>> Subject: Joint Statement in Compliance with LR 37.1(b)
>>
>> Counsel: Our Joint Statement is due Monday. My firm will take
>> responsibility for its completion and timely filing. Can you please
>> complete your position below and reply - then we can get it filed.
>> Thank
>> you.
>>
>> Here is the form we will use:
>>
>> Counsel have met and conferred on the subject of Defendant's pending
>> Motion to Compel Discovery.
>>
>> Defendant continues to request that plaintiff's witnesses Mr. Patzer
>> and
>> Mr. Macek be made available for deposition in Spokane at plaintiff's
>> expense.
>>
>> Plaintiff's position is
>>

_____
_____.
>>
>> The parties make this Joint Statement in Compliance with LR 37.1(b).
>>
>> /s/ J. Christopher Lynch
>>

Exhibits to Declaration of Jeffrey Smith
in Support of Reply on Motion to Compel
Page 42

2

Exhibit DD - 45

>>

>>

>>

>>

>>

>> J. Christopher Lynch

>> (509) 944-4792

>>

chris@leehayes.com<mailto:chris@leehayes.com<mailto:chris@leehayes.com%3cmailto:chris@leehayes.com

>>

>>

>> [sig-image]<http://www.leehayes.com/>

>>

>> Lee & Hayes pllc, Intellectual Property Law

>> 601 West Riverside, Suite 1400, Spokane, WA 99201 | 509.323.8979 fax |

>> www.leehayes.com<http://www.leehayes.com/<http://www.leehayes.com%3chttp:/www.leehayes.com/>>

>>

>> NOTE: This email and any attachments contain information from the law

>> firm

>> of Lee & Hayes, pllc, that is confidential and/or subject to

>> attorney-client privilege. If you are not the intended recipient of

>> this

>> message, please do not read it or disclose it to others. Instead,

>> please

>> delete it and notify the sender immediately.

>>

>>

>>

>>

>>

>>

>>

>

Exhibits to Declaration of Jeffrey Smith                3
in Support of Reply on Motion to Compel
Page 43                                                                      Exhibit DD - 46

# EXHIBIT EE

1

2

3

4

5

6

7

8

9

10

HONORABLE THOMAS O. RICE

J. CHRISTOPHER LYNCH, WSBA #17462
JEFFREY R. SMITH, WSBA #37460
RHETT V. BARNEY, WSBA #44764
LEE & HAYES, PLLC
601 W. Riverside Avenue, Suite 1400
Spokane, WA  99201
Phone: (509) 324-9256
Fax: (509) 323-8979
Emails: chris@leehayes.com
          jeffreys@leehayes.com
          rhettb@leehayes.com

*Counsel for Defendant Ryan Lamberson*

11

12

13

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ELF-MAN, LLC, | No. 2:13-CV-00395-TOR |
| Plaintiff, | |
| vs. | DECLARATION OF J. CHRISTOPHER LYNCH IN SUPPORT OF DEFENDANT'S REPLY ON MOTION TO COMPEL DISCOVERY OR FOR ISSUANCE OF LETTERS OF REQUEST |
| RYAN LAMBERSON, | |
| Defendant. | |

14

15

16

17

18

19

20

21

22

23

24

25

26

I, J. Christopher Lynch, declare as follows:

1.      I am over 18 years of age and am competent to testify.  I make this declaration based on my own personal knowledge.  I am one of the attorneys for Defendant, Ryan Lamberson (hereinafter, "Mr. Lamberson").

DECLARATION OF
J. CHRISTOPHER LYNCH - 1

2.      Plaintiff's Initial Disclosures identify the witnesses Mr. Maeck and Mr. Patzer as having identical addresses of "Heilbronnerstr 150, 70191 Stuttgart, Germany."   As noted in Mr. Lamberson's Reply Memorandum (ECF NO. 50 at page 9) in Support of his Motion to Compel, we have challenged the legitimacy of these addresses with plaintiff's counsel.   The Stuttgart address is for a mail drop/short term office rental facility, and Mr. Patzer is identified in other bittorrent cases as residing in the United Kingdom.

3.      Our suspicion is that Messrs Patzer and Macek are in fact aligned with Guardaley, the discredited German firm noted for selling bittorrent data to rights-holders and attorneys, although plaintiff's counsel has been unwilling to admit so.

4.      Our investigation shows that Guardaley is located in Karlsruhe, Germany (at Rubenstrasse 31, 76149 Karlsruhe, Germany) not Stuttgart, Germany.

5.      On Monday May 19, 2014, we raised this issue as to the accuracy of the addresses with plaintiff's counsel (Exhibit I to Mr. Smith's Declaration, ECF. No. 51-9).

6.      Plaintiff's counsel replied on May 19, 2014 and stated "We have no reason to doubt the accuracy of the Stuttgart addresses but I will request confirmation and provide you the responses upon receipt." (Exhibit A, attached hereto).   To date, we have received no reply to this inquiry.

DECLARATION OF
J. CHRISTOPHER LYNCH - 2

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington  99201
Telephone: (509)324-9256 Fax: (509)323-8979

Exhibit EE - 2

7.     Today we examined the telephone numbers given for Mr. Macek in the Initial Disclosures (+49-0-721-977-95-73) and Mr. Patzer (+49-0-7247-4056-199).   We compared these phone numbers to the German Deutsche Telekom's listing of "country" and "city" telephone codes.   "+49" (used in both numbers) is the country code for Germany.   "721" (used in Mr. Macek's number) is the city code for Karlsruhe.   "7247" is the city code for Linkenheim, a suburb of Karlsruhe.   Neither phone number uses any of the "70x" or "71x" city codes associated with Stuttgart and its surroundings.   We reported this additional discrepancy to plaintiff's counsel (Exhibit A) as being an additional reason to doubt the accuracy of the addresses provided, but have received no response from plaintiff's counsel.

8.     I called the number provided for Mr. Macek to try to confirm his address, and the phone was answered "Guardaley."   The number for Mr. Patzer was not answered.

9.     We have concluded from this information that the Stuttgart addresses provided for the witnesses in the Initial Disclosures are inaccurate.   It appears plaintiff is not being forthright about the German addresses of the very witnesses plaintiff expects Mr. Lamberson to travel to Germany to depose.   We have also concluded that the Karlsruhe telephone number and the answering of the telephone

DECLARATION OF
J. CHRISTOPHER LYNCH - 3

"Guardaley" indicates that Mr. Macek is in fact "working for" Guardaley and not Crystal Bay Corporation as the "explanation" provided by plaintiff in response to Request for Production No. 15 proffers.

10.    I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

DATED this 22nd day of May, 2014, in Spokane, Washington.

LEE & HAYES, PLLC

By: s/ J. Christopher Lynch
J. Christopher Lynch, WSBA #17462
Jeffrey R. Smith, WSBA #37460
Rhett V. Barney, WSBA #44764
601 W. Riverside Avenue, Suite 1400
Spokane, WA 99201
Phone: (509) 324-9256
Fax: (509) 323-8979
Emails:     chris@leehayes.com
             jeffreys@leehayes.com
             rhettb@leehayes.com

Counsel for Defendant Ryan Lamberson

DECLARATION OF
J. CHRISTOPHER LYNCH - 4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

# CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of May, 2014, I caused to be electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Maureen C. VanderMay               efile@vandermaylawfirm.com


LEE & HAYES, PLLC

By: _s/ J. Christopher Lynch_
     J. Christopher Lynch, WSBA #17462
     601 W. Riverside Avenue, Suite 1400
     Spokane, WA 99201
     Phone: (509) 324-9256
     Email: chris@leehayes.com

DECLARATION OF
J. CHRISTOPHER LYNCH - 5

# EXHIBIT A

Declaration of J. Christopher Lynch
in Support of Reply on Motion to Compel
Page 1

| | |
|---|---|
| **From:** | Chris Lynch |
| **Sent:** | Thursday, May 22, 2014 3:02 PM |
| **To:** | elfmanwa@vandermaylawfirm.com |
| **Cc:** | Jeffrey Smith; Rhett Barney; Lauren Van Winkle; Julie Sampson |
| **Subject:** | RE: Joint Statement in Compliance with LR 37.1(b) |

Counsel:  We have not heard back regarding the accuracy of the Stuttgart addresses provided for Messrs Patzer and Macek in the Initial Disclosures.

As we noted, our investigation shows the identical Stuttgart addresses you provided for each witness is a short-term office rental facility which does not have any listing for either gentleman.

We have also pointed out that we assume that at least Mr. Macek is working for Guardaley and that our investigation shows Guardaley is located in Karlsruhe, not Stuttgart.

You say you have no reason to doubt the accuracy of the addresses you provided, so please take into account the following:  the telephone numbers you provided for the witnesses use the +49 German country code, and then Mr. Macek's uses the Karlsruhe city code of 721 and Mr. Patzer's uses the city code for the Karlsruhe suburb of Linkenheim of 7247.  Neither has a phone number using the city codes of 70x or 71x for the city of Stuttgart and its surroundings.

We just figured out this "city code" discrepancy, otherwise we would have raised it earlier when we first challenged these addresses as inaccurate.   So, please take this phone number discrepancy into account in responding with the true addresses.

Thank you.

---

**From:** elfmanwa@vandermaylawfirm.com [mailto:elfmanwa@vandermaylawfirm.com]
**Sent:** Monday, May 19, 2014 12:58 PM
**To:** Chris Lynch
**Subject:** RE: Joint Statement in Compliance with LR 37.1(b)

Chris, I have no reason to doubt the accuracy of the Stuttgart address but I will request confirmation and provide you the response upon receipt.

> Thank you. We will include this in our joint report.


> We are concerned even if we go forward with the letters rogatory. It

> appears the identical street addresses we were given for Patzer and Macek

Declaration of J. Christopher Lynch                    1
in Support of Reply on Motion to Compel                                          Exhibit EE - 7
Page 2

> are incorrect and are for a "mail drop" and "short term lease" facility

> and that neither witness resides at or works at that Stuttgart address.

> For example, Mr. Patzer is identified in Case No 1:12-cv-01117 in the SD

> IN on Initial Disclosures dated May 2014 as having the address of: Flat

> 9, Queens Mansions, 1A Queens Gardens, BN21 3EG Eastbourne, United

> Kingdom.


> Can you confirm that Stuttgart address you provided is even accurate?



From: elfmanwa@vandermaylawfirm.com

> [mailto:elfmanwa@vandermaylawfirm.com]

> Sent: Monday, May 19, 2014 10:23 AM

> To: Chris Lynch

> Subject: RE: Joint Statement in Compliance with LR 37.1(b)



> Chris: per LR 37.1(b), the following is Plaintiff's portion of the joint

> statement:


> Plaintiff's position is that the Court resolved the issues raised in

> Defendant's pending motion when it stated at the recent discovery

> conference that Defendant may start the process for letters rogatory. In

> the event that the Court has not in fact ruled on Defendant's motion,

> Plaintiff opposes an order requiring it to bring Messrs. Patzer and Macek

> to Spokane for deposition at its expense.


> Thank you,


Declaration of J. Christopher Lynch                    2
in Support of Reply on Motion to Compel
Page 3                                                                    Exhibit EE - 8

> Maureen


>> Thank you.


From: elfmanwa@vandermaylawfirm.com<mailto:elfmanwa@vandermaylawfirm.com>

>> [mailto:elfmanwa@vandermaylawfirm.com]

>> Sent: Monday, May 19, 2014 9:56 AM

>> To: Chris Lynch

>> Subject: RE: Joint Statement in Compliance with LR 37.1(b)


>> Chris: I was out of state on another matter for the latter part of last

>> week. I will review your draft statement and get a response to you

>> before

>> 2:30 pm today. I will also forward a response to your letter from last

>> week re: settlement later today.


>> Maureen


>>> Counsel: Please review and reply. If we do not have a statement of

>>> your

>>> position by 3pm today, we will file our report with the Court and

>>> indicate

>>> that you chose not to present a position for the LR 37.1(b) Statement.

>>> Thank you.

Declaration of J. Christopher Lynch                    3
in Support of Reply on Motion to Compel
Page 4                                                              Exhibit EE - 9

From: Chris Lynch

>>> Sent: Friday, May 16, 2014 3:00 PM

>>> To: 'elfmanwa@vandermaylawfirm.com'

>>> Cc: Jeffrey Smith; Julie Sampson

>>> Subject: Joint Statement in Compliance with LR 37.1(b)

>>> Counsel: Our Joint Statement is due Monday. My firm will take

>>> responsibility for its completion and timely filing. Can you please

>>> complete your position below and reply - then we can get it filed.

>>> Thank

>>> you.

>>> Here is the form we will use:

>>> Counsel have met and conferred on the subject of Defendant's pending

>>> Motion to Compel Discovery.

>>> Defendant continues to request that plaintiff's witnesses Mr. Patzer

>>> and

>>> Mr. Macek be made available for deposition in Spokane at plaintiff's

>>> expense.

>>> Plaintiff's position is

>>> _____

_____.

>>> The parties make this Joint Statement in Compliance with LR 37.1(b).

>>> /s/ J. Christopher Lynch

>>> J. Christopher Lynch

>>> (509) 944-4792

>>>
chris@leehayes.com<mailto:chris@leehayes.com<mailto:chris@leehayes.com%3cmailto:chris@leehayes.com<mailto:chris@leehayes.com%3cmailto:chris@leehayes.com%3cmailto:chris@leehayes.com%3cmailto:chris@leehayes.com>>>

>>> [sig-image]<http://www.leehayes.com/>

>>> Lee & Hayes pllc, Intellectual Property Law

>>> 601 West Riverside, Suite 1400, Spokane, WA 99201 | 509.323.8979 fax |

>>>
www.leehayes.com<http://www.leehayes.com/<http://www.leehayes.com%3chttp:www.leehayes.com/<http://www.leehayes.com%3chttp:www.leehayes.com/%3chttp:www.leehayes.com%3chttp:www.leehayes.com/>>>

>>> NOTE: This email and any attachments contain information from the law

>>> firm

>>> of Lee & Hayes, pllc, that is confidential and/or subject to

>>> attorney-client privilege. If you are not the intended recipient of

>>> this

>>> message, please do not read it or disclose it to others. Instead,

>>> please

>>> delete it and notify the sender immediately.